Argued and submitted December 7, 2000, affirmed February 7, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## VICTOR HUGH TUMBACO CHAVEZ,
*Appellant.*

(CR9801722; CA A106896)

19 P3d 923

Constance Crooker argued the cause and filed the brief for appellant.

Christina M. Hutchins, Assistant Attorney General, argued the cause and filed the brief for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

## LINDER, J.

Defendant appeals a judgment of conviction of multiple counts of sexual abuse involving a child. We write only to address defendant's contention that the trial court erred in not suppressing evidence obtained allegedly in violation of the Vienna Convention on Consular Relations (Vienna Convention). We review for errors of law and affirm.

Defendant is an Ecuadorian national who was arrested on suspicion of sexual abuse. After defendant's arrest and before interrogation, an interpreter read a "Miranda card" to defendant in Spanish. Defendant then made incriminating statements to a detective. Those statements were admitted at trial through the detective's testimony, over defendant's pretrial objection that they were obtained in violation of the Vienna Convention. It is undisputed that no information was provided to defendant before his interrogation regarding what defendant asserts to be his "right" under the Vienna Convention to contact the Ecuadorian foreign consul. In fact, the detective testified that he was unaware of any obligation to so inform defendant.

The Vienna Convention is a 79-article, multilateral treaty signed by more than 100 nations, including the Republic of Ecuador and the United States of America. Vienna Convention on Consular Relations, *opened for signature* April 24, 1963, 21 UST 77, TIAS No 6820. After ratification by the United States in 1969, it became binding on the states pursuant to the Supremacy Clause of the United States Constitution. *See* US Const, Art VI. A number of the Vienna Convention's provisions require consular notification or intervention in specified circumstances. At issue here is the remedy for a violation of Article 36, which addresses freedom of communication and contact between foreign nationals and their consuls, particularly in the context of an arrest of a foreign national.[1]

---

[1] Article 36 provides, in relevant part:

"(1) With a view to facilitating the exercise of consular functions relating to nationals of the sending State:

"* * * * *

"(b) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its

In deciding whether exclusion is required for a violation of Article 36 of the Vienna Convention, we are guided by two recent decisions: one by the Ninth Circuit Court of Appeals and one by our own state Supreme Court. The Ninth Circuit directly resolved that issue in *U.S. v. Lombera-Camorlinga*, 206 F3d 882 (9th Cir), *cert den* 121 S Ct 481 (2000). There, a Mexican national moved to suppress his post-arrest statements on the ground that, after his arrest on drug charges, he had not been informed that he was entitled under the Vienna Convention to have the Mexican consul notified of his arrest. The motion was denied, and the defendant challenged that ruling on appeal. In an en banc opinion, the Ninth Circuit noted that it and other circuits have held in recent years "that an exclusionary rule is typically available only for constitutional violations, not for statutory or treaty violations." *Id.* at 886. Regarding Article 36 of the Vienna Convention, the court specifically observed:

> "[T]here is nothing in the language or operation of the treaty provision to suggest Article 36 was intended to create an exclusionary rule with protections similar to those announced by the United States Supreme Court three years later in Miranda v. Arizona * * *."

*Id.* at 883-84. Consequently, the court held that, in a criminal prosecution of an arrested foreign national, exclusion of post-arrest interrogation evidence is not an available remedy for a violation of the Vienna Convention's consular notification requirement. *Id.* at 885.

The same issue also recently came before the Oregon Supreme Court in *State v. Reyes-Camarena*, 330 Or 431, 7 P3d 522 (2000). Citing the Ninth Circuit's decision in *Lombera-Camorlinga*, the court acknowledged that "this court 'ordinarily * * * respect[s] the decisions of lower federal courts on issues of federal law,' although this court is not bound by them." *Id.* at 436 n 2 (quoting *State v. Moyle*, 299 Or

---

consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph[.]"

Vienna Convention, 21 UST at 100-01.

691, 707, 705 P2d 740 (1985)). The court did not decide the merits of the issue, however, because the defendant had not preserved his claim under the Vienna Convention in the trial court. *Id.* at 437-38.

■        We also are not bound by the Ninth Circuit's holding in *Lombera-Camorlinga.* But, consistent with the Supreme Court's comment in *Reyes-Camarena,* we find no reason in this case to decline to give the Ninth Circuit the respect we ordinarily would on this issue of federal law. Here, we find the federal court's reasoning persuasive. Furthermore, we reject defendant's argument that "independent state grounds which protect the rights of the accused under Article I, section 11," of the Oregon Constitution, provide an alternative basis to exclude defendant's statements for the alleged Vienna Convention violation. We know of no theory, nor does defendant offer one, by which Article I, section 11, of the state constitution provides a broader remedy for a violation of a purported federal right than federal law itself creates.[2]

■        In sum, we hold that exclusion of evidence is not a remedy for an alleged violation of the consular notification requirement of the Vienna Convention. The trial court did not err in denying defendant's motion to suppress.

Affirmed.

---

[2] Whether the Vienna Convention creates personally enforceable rights is a question that remains unsettled in the federal courts. *See, e.g., U.S. v. Lawal,* 231 F3d 1045, 1048 (7th Cir 2000), *cert pending* (2001) (citing cases). The United States Supreme Court has left that issue open by stating that Article 36 "arguably confers on an individual the right to consular assistance following arrest[.]" *Breard v. Greene,* 523 US 371, 376, 118 S Ct 1352, 140 L Ed 2d 529 (1998). Because the Ninth Circuit concluded in *Lombera-Camorlinga* that an exclusionary remedy was not available for a violation of Article 36, it declined to decide the personally enforceable rights question. 206 F3d at 885. Likewise, we find it unnecessary to our decision to resolve that question.