Argued and submitted September 9, decision of Court of Appeals and judgment of circuit court affirmed October 31, reconsideration denied December 17, 2002

### STATE OF OREGON,
*Respondent on Review,*

*v.*

### VICTOR HUGH TUMBACO CHAVEZ,
*Petitioner on Review.*

### (CC CR9801722; CA A106896; SC S48383)

56 P3d 923

Eric M. Cumfer, Salem, argued the cause and filed the brief for petitioner on review.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General.

Jacqueline L. Koch, Koch & Deering, Portland, filed a brief for *amicus curiae* United Mexican States.

LEESON, J.

### LEESON, J.

We allowed review in this criminal case to address whether the Vienna Convention on Consular Relations (VCCR)[1] grants to foreign nationals who have been arrested by state authorities a personal right to be told that they have the right to contact and communicate with their country's consul and, if so, whether suppression of evidence is the appropriate remedy for a violation of that right. The trial court denied defendant's motion to suppress, and the Court of Appeals affirmed. *State v. Chavez*, 172 Or App 326, 19 P3d 923 (2001). We now conclude that defendant failed to preserve the argument that, in this case, the VCCR required suppression.

Defendant was charged with sodomy, sexual abuse, unlawful sexual penetration, and attempted rape. When the police arrested defendant, they read him his *Miranda* rights in Spanish. Defendant stated that he understood those rights, and he asked for an attorney. Thereafter, defendant made incriminating statements to the police.

---

[1] Article 36 of the VCCR provides, in part:

"1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State:

"\* \* \* \* \*

"(*b*) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. *The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph*;

"(*c*) consular officers shall have the right to visit a national of the sending State who is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation. \* \* \*

"2. The rights referred to in paragraph 1 of this Article shall be exercised in conformity with the laws and regulations of the receiving State, subject to the proviso, however, that the said laws and regulations must enable full effect to be given to the purposes for which the rights accorded under this Article are intended."

Vienna Convention on Consular Relations, April 24, 1963, art 36, 21 UST 77, 596 UNTS 261 (emphasis added).

Defendant moved to suppress the incriminating statements on the grounds that their admission violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution and the VCCR. At the conclusion of an evidentiary hearing, the state argued that the admission of defendant's statements did not violate defendant's constitutional rights and that the VCCR does not create individual rights. The trial court responded, "I agree with you on that. * * * [Defendant's lawyer] can convince me otherwise." Defendant's lawyer then stated:

> "*Actually, I am not going to try to do so* because I think that you can arrive at your method of ruling in the case by looking at the idea that the Convention provisions would be implicated if there was a prejudice to the defendant, and that really gets us to the *Miranda* question. *So that if you resolve the Miranda* question, I think you will have resolved the other question the same way.

> "If a consulate was contacted, as if an attorney had been contacted, they could advise the person to obtain an attorney, or an attorney would—probably would have advised the defendant not to say anything. So I think that, in a way, *if you look at the one Supreme Court case in which the guy did not ask for access to [his country's] representative, it was pointed out [that] the issue wasn't there because he hadn't done so, they were also looking for prejudice*. And part of the suggestion is that if the representative was there, about all he could have done is said get an attorney who can advise you and help you in the system.

> "*So I really see those in the sense being the same question, and you can resolve it by focusing on the Miranda* issue. And depending on how you decide that, I think the result will be the same. It kind of finesses the (tape inaudible) of the question in my mind.

> "To the extent that it doesn't create additional substantive rights, the same things that the consulate could have said or done are the same things that an attorney could have said or done, and they kind of go together."

(Emphasis added.) Defendant's lawyer then argued only that defendant's incriminating statements had not been voluntary and, therefore, should be suppressed under *Miranda*.

The trial court determined that defendant's statements were voluntary and that they should not be suppressed. With respect to defendant's arguments regarding the VCCR, the trial court added:

> "I find that there is no evidence of any prejudice that he suffered as a result of [the police] not advising him of his right to contact the Ecuadorian consulate pursuant to the [VCCR]."

This court recently summarized the obligation that a party bears to preserve error:

> "[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted."

*State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). In contrast to the arguments that defendant made on appeal and now makes on review, he expressly told the trial court that he was not trying to argue that the VCCR created individual rights beyond those that *Miranda* confers. By asserting that the court's resolution of the *Miranda* claim was dispositive, defendant affirmatively asked the trial court not to consider the argument that he seeks to advance in this court. Defendant did not meet the requirements of *Wyatt*, and we do not address his claim regarding the VCCR. The Court of Appeals should not have reached the merits of defendant's argument under the VCCR. However, we agree with the Court of Appeals that defendant's other assignments of error do not require reversal. Accordingly, we affirm.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.