Argued and submitted January 27, at University of Oregon, Eugene, appeal dismissed as moot July 27, 2011

OREGON SCHOOL ACTIVITIES ASSOCIATION,
*Petitioner,*

*v.*

STATE BOARD OF EDUCATION,
*Respondent.*

State Board of Education
5810210035091; A142521

260 P3d 735

Jonathan M. Radmacher argued the cause for petitioner. With him on the briefs were Don G. Carter and McEwen Gisvold LLP.

Cecil A. Reniche-Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Duncan, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

After a childhood marked by poverty, abuse, and homelessness, C enrolled at Reynolds High School in Portland as a 16-year-old freshman. When he began his senior year, he was 19, and he wanted to continue participating in track and choir. However, participation in high school interscholastic activities is governed by the Oregon School Activities Association (OSAA), a private organization that exercises authority by delegation from the State Board of Education (board), and an OSAA rule provides that no student who is 19 or older at the beginning of a school year may participate in those activities. C asked for a waiver of the age requirement. OSAA denied the request, and C appealed to the board. OAR 581-021-0042. The Deputy Superintendent of Public Instruction, acting on behalf of the board, concluded that applying the age restriction to C violated the McKinney-Vento Homeless Assistance Act (McKinney-Vento Act or Act), a federal law requiring that "[e]ach homeless child or youth * * * shall be provided services comparable to services offered to other students * * *." 42 USC § 11432(g)(4). OSAA now appeals the board's decision, arguing that the board misapplied the McKinney-Vento Act. The board responds that the appeal is moot because C has graduated from high school and, alternatively, that it did not misapply the McKinney-Vento Act. We conclude that the appeal is moot and, therefore, we dismiss it without reaching the merits.

The underlying facts are not in dispute. Around the time that C should have entered high school, his mother moved the family to Mississippi to live with C's grandmother. The move was apparently a tactic to avoid scrutiny by Oregon authorities; C had been forced to work in order to support his siblings, and he had suffered mental and physical (including sexual) abuse. His mother was addicted to drugs, and his father was incarcerated. In Mississippi, C was unable to enroll in school because legal guardianship had not been transferred to his grandmother. His grandmother attempted to home school him, but she did not register him in any recognized program. The family moved back to Oregon when C was 16. When he enrolled at Reynolds, he was placed in the freshman class because he did not have any transferrable academic credits.

While at Reynolds, C moved frequently. At times, he had to shower in a church and commute across town on mass transit for over two hours to attend classes because he did not have a permanent home. Reynolds determined that C qualified as homeless under the McKinney-Vento Act and provided him with the mandated educational and support services.

C participated in choir, track, drama, football, and basketball, and his participation in these interscholastic activities was a major factor contributing to his success in school. As the board found, "[t]he activities have given him a 'family' by exposing him to positive role models and team work. [C] has also learned work ethic and leadership and goal setting skills from the activities." Not surprisingly, C wanted to continue to be involved in some of the activities—track and choir, in particular—during his senior year, so he requested a waiver from the OSAA age rule, which provides:

> "A student who becomes 19 before August 15 shall become ineligible for interscholastic competition. A student who becomes 19 on or after August 15 shall remain eligible for that entire school year."[1]

*Oregon School Activities Association Rules, 2008-2009 Handbook*, Rule (OSAA Rule) 8.3. OSAA denied the waiver request; although the OSAA Executive Director may grant waivers to the age rule in order to accommodate disabilities, OSAA Rule 8.9.3, and, in some circumstances, for undue hardship, OSAA Rule 8.9.4, C did not qualify as disabled, and the hardship rule expressly states that there may be no hardship waivers to the age rule.

The principal of Reynolds, on behalf of C, appealed OSAA's decision to the board. Reynolds argued that OSAA's application of its age rule, as applied to C, violated the McKinney-Vento Act. The board agreed. Specifically, the board concluded that the Act requires a "weighing of the rationale for the eligibility rule and the perceived harm in waiving the rule versus the benefits to the individual youth of

---

[1] The parties agree that the activities in which C wanted to participate, including choir, were involved in "interscholastic competition."

waiving the rule." Applying this balancing test, the board concluded:

> "The rationale given by OSAA for the age rule does not apply to [C]. There was not evidence presented that [C] has a competitive advantage in any of his activities because of his age or size. There was also no evidence presented that his enrollment in high school was delayed for competitive advantage. Instead there was ample evidence presented of the benefits to [C] if he is allowed to participate. In addition, there was testimony that [C] was at-risk of not completing high school when he was denied eligibility. Any risk in allowing [C] to participate is clearly outweighed by the responsibilities under the Act to provide educational services on an equitable basis to homeless children and youth and the benefits provided to [C] by his participation in interscholastic activities."

OSAA now seeks judicial review.

We begin with the question of mootness, a "species of justiciability." *First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 206, 986 P2d 556 (1999), *rev'd on other grounds by Kerr v. Bradbury*, 340 Or 241, 131 P3d 737 (2006). A case is moot when the court's decision will no longer have a practical effect on the rights or obligations of a party. *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993); *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 738 P2d 1389 (1987), *cert den*, 484 US 1032 (1988) (challenge to prayer at high school graduation moot because graduation had occurred). To avoid mootness, the effect must have a significant probability of actually occurring; a speculative or merely possible effect is not enough. *Brumnett*, 315 Or at 407. Mootness may arise at any time during the course of the litigation, even when a case is on appeal. *First Commerce of America*, 329 Or at 206; *Blechschmidt v. Shatzer*, 197 Or App 536, 539, 106 P3d 682 (2005).

The board argues that this case is moot because C has already graduated from high school and, therefore, any decision we render would have no practical effect on the parties. OSAA responds that, if we were to reverse the board's decision, that result would obligate OSAA to impose sanctions on Reynolds for violating the age rule with respect to C. OSAA also argues that the appeal is not moot because, if the

board's ruling were to be sustained, it would have preclusive effect and limit OSAA's authority in the future to declare students ineligible under the age rule. Neither of OSAA's arguments is correct.

OSAA Rule 5 provides:

"5.1. Upon a ruling by the Executive Director [of OSAA] or by the Executive Board that a student is ineligible, the school shall forfeit all meets, contests or championships in which that student participated during that student's ineligibility, either before and/or after such ruling.

"* * * * *

"5.5 **Responsibility.** If * * * a student who has been declared ineligible is permitted to participate in Association activities or interscholastic competition because of a temporary restraining order, preliminary injunction and/or permanent injunction issued by a court against the school or the Association, and if such restraining order and/or injunction is subsequently vacated, dismissed, stayed, reversed or finally determined by the courts to not justify injunctive relief, one or more of the penalties outlined in this rule may be assessed in the interest of restitution and fairness to other member schools."

OSAA, Rule 5 (boldface in original). Possible penalties include, among other things, fines of up to $1,000 and expulsion from OSAA. According to OSAA, if the board's decision is reversed on appeal, the rule will require it to impose sanctions on Reynolds because C participated in activities while he was ineligible. That authority, according to OSAA, is not speculative or a mere possibility; Rule 5.1 declares that Reynolds *shall* forfeit meets, contests, or championships.

There are several problems with this reasoning; it presumes, for one thing, that the Director or Executive Board would, in fact, issue a ruling, an optional step that is a necessary precursor to imposition of sanctions. We need not dwell on whether that fact defeats mootness, however, because there is a more fundamental flaw in OSAA's argument: Regardless of how we would decide this case, OSAA would never have the obligation or the authority to impose sanctions on Reynolds, because C never participated in

"meets, contests or championships * * * during [his] ineligibility." OSAA originally ruled that C was ineligible for a waiver of the age rule on February 24, 2009. C appealed to the OSAA's Executive Board, which affirmed the denial on March 9. That decision was then appealed to the board, which reversed and ruled that C was *not* ineligible. On May 7, 2009, the board served a final order to that effect, mandating that "OSAA and the Reynolds School District shall allow [C] to participate in interscholastic activities for the remainder of his time in high school." OSAA filed a petition for judicial review on June 19.

Thus, beginning on May 7, 2009, OSAA's final order was not operative; it had been superseded by the board's order and nothing in the record indicates that the board's ruling that declared C to be eligible was stayed or otherwise nonoperational. *See* ORS 183.482(3)(a) (petition for review of order in contested case does not automatically stay enforcement; party seeking stay must petition for stay). And the undisputed facts establish that the only interscholastic meets, contests, or championships in which C participated during his senior year occurred on May 9 and May 13, *after* OSAA's ruling was declared to be unlawful. It is clear, in other words, that C did not participate in any OSAA-governed interscholastic activities during the time that he was considered to be ineligible as defined by the OSAA rules. At the time of his participation, the operative ruling was the one from the board, not the one from OSAA.

Further, Rule 5.5 does not help OSAA's position. That rule allows OSAA to impose sanctions when a student who has been declared ineligible participates "because of a temporary restraining order, preliminary injunction and/or permanent injunction issued by a court" and the injunctive relief is subsequently negated "by the courts." But C did not participate in the choir activity or track meet because of *court ordered* relief, nor was that relief subsequently negated *by a court*. Rule 5.5, in other words, applies when an administrative proceeding that has resulted in a finding of ineligibility has been superseded by judicial action. Here, the administrative proceedings have resulted in a finding of eligibility, not ineligibility, and no court has acted. In sum, despite a declaration to the contrary by its Executive Director, the OSAA

could not impose any sanction on Reynolds or on C for participation while ineligible.[2]

OSAA's second argument against mootness is that, if we were to let the board's final order stand, that order would have preclusive effect with respect to OSAA's authority in the future to declare students ineligible under the age rule. That is not correct. Even if we were to agree that an administrative agency's decision in a contested case can have preclusive effect in subsequent contested cases, *but see* ORS 183.482(8)(b)(B) (agency can issue order inconsistent with prior practice if inconsistency is explained), the agency decision-maker in this case clearly and carefully stated, "Although it is within my authority to find that the entire age eligibility rule violates the Act, I have restricted this order only to the question of whether [C] should have been granted a waiver of this rule * * *." Neither the board's method of analysis (*i.e.*, "weighing of the rationale for the eligibility rule and the perceived harm in waiving the rule versus the benefits to the individual youth of waiving the rule") nor the intermediate steps that the board took in the process of reaching its conclusion that C was not ineligible (*e.g.*, "[C] qualified as homeless under the McKinney-Vento Homeless Assistance Act") has preclusive effect on anybody except C, and we express no opinion on those aspects of the board's order.

Appeal dismissed as moot.

---

[2] *OSAA v. Stout*, 71 Or App 405, 407 n 1, 692 P2d 633 (1984), is not to the contrary. In that case, we noted:

"The passage of time has rendered this case moot as to [the student], who has now graduated. We nonetheless retain jurisdiction because the problem is one 'capable of repetition, yet evading review,' *Roe v. Wade*, 410 US 113, 125, 93 S Ct 705, 35 L Ed 2d 147 (1973), and also because—at least arguably—a determination that [the student] was ineligible would mean that his high school might have to forfeit games in which he played."

The Supreme Court has since clarified that the "capable of repetition, yet evading review" rule does not apply in Oregon, *Yancy v. Shatzer*, 337 Or 345, 363, 97 P3d 1161 (2004), and, in the present case, C did not participate in OSAA activities while ineligible.