Submitted September 29, portion of judgment imposing $500 Chapter 163 assessment reversed, otherwise affirmed December 2, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARLOS EDWARD ADAMS,
aka Carlos E. Adams,
*Defendant-Appellant.*

Multnomah County Circuit Court
130343961; A154942

362 P3d 1211

Peter Gartlan, Chief Defender, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Carlos Edward Adams filed a supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

In this criminal case, defendant appeals the trial court's judgment convicting him of driving under the influence of intoxicants (DUII), ORS 813.010. At defendant's sentencing hearing, the trial court imposed a $1,500 fine but stated that it would suspend $1,000 of the fine pending defendant's successful completion of probation. However, in its written judgment, the trial court suspended only $500 of defendant's fine. Additionally, in its written judgment, the trial court imposed a $500 "Chapter 163 assessment."

On appeal, defendant raises two assignments of error.[1] In his first assignment of error, defendant asserts that the trial court erred by imposing a $500 "Chapter 163 assessment."[2] Defendant argues that the trial court lacked authority to impose the assessment because (1) the statute that authorized the assessment, *former* ORS 137.290(2)(b) (2009), *repealed by* Or Laws 2011, ch 597, § 118, had been repealed before the date of the charged crime and (2) *former* ORS 137.290(2)(b) (2009) did not apply to crimes, like DUII, which are codified outside of ORS chapter 163. The state concedes that the trial court erred. We agree. *See State v. Wills*, 260 Or App 440, 441, 317 P3d 407 (2013) (reversing imposition of assessment based on *former* ORS 137.290(2)(b) (2009), which had been repealed at the time of the defendant's sentencing); *State v. Becker*, 171 Or App 721, 722, 15 P3d 126 (2000) (*former* ORS 137.290(2)(b) (2009) did not apply to crimes that fell outside of ORS chapter 163). Therefore, we reverse the portion of the judgment imposing the assessment.

In his second assignment of error, defendant asserts that the trial court erred in imposing a greater fine than that announced in open court. However, during the pendency of

---

[1] In addition to the brief filed by his appellate attorney, defendant filed a *pro se* brief. We reject the arguments made in the *pro se* brief without discussion.

[2] Defendant did not object to the assessment, but, because the trial court imposed the assessment outside of defendant's presence, defendant was not required to object to the assessment in order for us to review it. *See, e.g., State v. Beckham*, 253 Or App 609, 613 n 5, 292 P3d 611 (2012) (preservation principles were inapposite when "nothing in the record indicate[d] that defendant had notice of, or a prior opportunity to object to, the trial court's restitution ruling before the court entered the supplemental judgment").

this appeal, the trial court entered a corrected judgment suspending $1,000 of defendant's fine. Thus, as defendant concedes, his second assignment of error is moot.

Portion of judgment imposing $500 Chapter 163 assessment reversed; otherwise affirmed.