Argued and submitted May 9, appeal dismissed as moot December 7, 2016

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

TREVOR TROY WALRAVEN,
*Defendant-Respondent.*

Josephine County Circuit Court
99CR0013;
A158001 (Control), A161309

385 P3d 1178

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Andy Simrin argued the cause for respondent. With him on the brief were Andy Simrin PC, and Peter Fahy and Dunfield & Fahy.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**EGAN, J.**

The state appeals from a post-judgment order in which the trial court granted defendant conditional release from prison after conducting a second-look hearing under ORS 420A.203(4). The state has argued that defendant was ineligible for a second-look hearing by virtue of the fact that he had been sentenced to imprisonment for life with a 30-year mandatory minimum term for his conviction of aggravated murder. The state also has argued that the conditional-release order was barred by ORS 137.750(2) because the amended judgment did not expressly provide for any form of early release, in accordance with ORS 137.750(1).

However, this appeal was pending, we issued an opinion in defendant's post-conviction case, in which we reversed the post-conviction court and directed it to grant relief on three of defendant's convictions. In accordance with that opinion, the post-conviction court entered a general judgment vacating defendant's convictions for aggravated murder and intentional murder, leaving only one conviction for felony murder. In light of the post-conviction court's judgment, we conclude that this appeal should be dismissed as moot.

We briefly recount the procedural history of this case. In 1998, when defendant was 14 years old, he was involved in the armed robbery and killing of a single victim. As a result, he was charged with three counts of aggravated murder, ORS 163.095 (murder in an effort to conceal the crime of first-degree robbery (Count 1), murder in an effort to conceal the identity of a perpetrator of the crime of first-degree robbery (Count 2), and personally and intentionally causing the death of the victim while in the course of committing first-degree robbery, *i.e.*, aggravated felony murder (Count 3)), and two counts of murder, ORS 163.115 (felony murder (Count 4) and intentional murder (Count 5)).

Defendant was tried as an adult and found guilty of Counts 1, 2, 4, and 5. The trial court merged the guilty verdicts on Counts 1 and 5 and, on appeal, we remanded the case to the trial court to merge the guilty verdicts for aggravated murder, Counts 1 and 2, into one aggravated murder conviction. *State v. Walraven*, 187 Or App 728, 69 P3d 835,

*rev den*, 335 Or 656 (2003) (*Walraven I*). Defendant appealed again, and we remanded to the trial court to merge the guilty verdict for felony murder (Count 4) with the remaining verdict for aggravated murder. *State v. Walraven*, 214 Or App 645, 167 P3d 1003 (2007), *rev den*, 344 Or 280 (2008) (*Walraven II*). In 2008, defendant was sentenced on the remaining count of aggravated murder to life imprisonment with a 30-year minimum period of incarceration.

In October 2010, defendant sought post-conviction relief, claiming that his trial attorney was constitutionally inadequate for not objecting to a "natural and probable consequences" jury instruction. The post-conviction court denied the petition, and we subsequently affirmed that determination without written opinion. *Walraven v. Premo*, 267 Or App 802, 342 P3d 1126 (2014) (*Walraven III*).

In July 2013, while his post-conviction appeal was pending, defendant filed a motion under ORS 420A.203 for a second-look hearing.[1] The state opposed the motion, arguing that defendant's conviction for aggravated murder and corresponding sentence of 30 years to life rendered him ineligible for release under the statute. The court agreed with the state and denied defendant's motion, concluding that "ORS 420A.203 is not applicable to individuals waived into adult court and convicted of aggravated murder. ORS 161.620 and 163.105 require, *notwithstanding any other provisions of law*, juveniles waived into adult court for aggravated murder shall be *confined for a minimum of 30 years*." (Emphases in original; footnote omitted.)

Defendant then filed petitions for writs of mandamus, asking the Supreme Court to order the Department of Corrections and the Josephine County Circuit Court to

---

[1] ORS 420A.203 provides that individuals who were under 18 years old at the time of the commission of the offense, and who were sentenced to a term of imprisonment of at least 24 months, are eligible for a second-look hearing after they have served one-half of their sentence. At the hearing, the court shall consider a number of factors, including the individual's background, criminal record, participation in rehabilitative programs since incarceration and willingness to take responsibility for the criminal behavior, and the safety of the victim and the community at large. If the court is persuaded that the individual has been rehabilitated and reformed, is not a threat to the safety of the victim or the community, and will comply with the conditions of release, the court may order the individual to be conditionally released pursuant to ORS 420A.206.

comply with ORS 420A.203 and hold a second-look hearing. The Supreme Court granted the writs. In September 2014, over the state's objection, the circuit court held a second-look hearing and granted defendant conditional release from prison.[2]

The state then filed this appeal, arguing that the circuit court erred in conducting the second-look hearing because defendant was ineligible for release under ORS 420A.203. The state argued that juveniles convicted of aggravated murder and sentenced to life under ORS 163.105(1)(c) must be *confined* for a minimum of 30 years. ORS 163.105(1)(c) provides that, "[i]f sentenced to life imprisonment, the court shall order that the defendant shall be confined for a minimum of 30 years without possibility of parole, release to post-prison supervision, release on work release or any form of temporary leave or employment at a forest or work camp." ORS 161.620(1), which applies to juveniles waived into adult court, directs that, "[n]otwithstanding any other provision of law," the mandatory minimum sentence under ORS 163.105(1)(c) *"shall be imposed."* (Emphasis added.) Thus, the state argued, sentencing a juvenile to life imprisonment under ORS 163.105(1)(c) "necessarily includes imposing a sentence that requires the defendant to be *confined* for at least 30 years without any possibility of any form of release." (Emphasis in original.) According to the state, juveniles in defendant's position are ineligible as a matter of law for early release under the second-look statute. In the alternative, the state argued that, even if this court were to conclude that juveniles convicted of aggravated murder may be eligible for a second-look hearing, defendant remains ineligible because the particular judgment entered in his case precluded any form of early release. *See* ORS 137.750.[3]

---

[2] Although the state's brief asserts that defendant is presently incarcerated, defendant was conditionally released on February 4, 2016, after the filing of the state's brief.

[3] ORS 137.750 provides, in part:

"(1) When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on the record in open court

While this appeal was pending, defendant filed a petition for reconsideration of our decision in *Walraven III*, which, as noted above, affirmed without opinion the post-conviction court's denial of relief. We allowed defendant's petition for reconsideration and, in April 2016, reversed the post-conviction court's judgment and remanded with instructions for the post-conviction court to grant relief as to defendant's convictions for aggravated murder and intentional murder (Counts 1, 2, and 5). *Walraven v. Premo*, 277 Or App 264, 372 P3d 1 (2016) (*Walraven IV*).[4]

Following *Walraven IV*, the state filed a notice of probable mootness of this appeal, explaining that,

"if and when the post-conviction court eventually enters an amended final judgment that vacates defendant's conviction for aggravated murder and the sentence imposed on that conviction, and the court remands the case to the trial court for possible retrial on that charge and resentencing on the conviction for felony murder, the state concedes that its appeal in this case will become moot insofar as it is predicated on the argument that the second-look provisions in ORS 420A.203 do not apply to a sentence of life imprisonment with a 30-year minimum imposed pursuant to ORS 163.105(1)(c) on a conviction for aggravated murder."

The state also conceded that its alternative argument—that the judgment entered in this case precludes any form of early release—would become moot upon the post-conviction court's grant of relief. The state acknowledged that the judgment at issue in the present appeal is the 2008 amended judgment, which merged all of defendant's guilty verdicts into one count of aggravated murder and sentenced him on that count alone. Thus, upon remand, defendant would have to be resentenced on the felony-murder count that survived *Walraven IV*, and that new judgment may or may not provide for defendant's eligibility for early release under ORS 137.750.

---

substantial and compelling reasons to order that the defendant not be considered for such leave, release or program.

"(2) The executing or releasing authority may consider the defendant for a program described in subsection (1) of this section only upon order of the sentencing court appearing in the judgment."

[4] Neither party filed a petition for review of *Walraven IV* in the Supreme Court.

The post-conviction court subsequently issued a general judgment on remand, vacating defendant's convictions for aggravated murder and intentional murder (Counts 1, 2, and 5) and defendant's life sentence. In light of that judgment, we agree with the state that this appeal has become moot.

Under Article VII (Amended) of the Oregon Constitution, courts are not required to dismiss cases whenever they are moot, "at least not in 'public actions or cases involving matters of public interest.'" *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 15, 376 P3d 288 (2016) (quoting *Couey v. Atkins*, 357 Or 460, 355 P3d 866 (2015)). But "merely because the constitution does not require dismissal in such cases does not mean that the court will not continue to dismiss moot cases as a prudential matter," and existing mootness cases offer "guidance concerning the circumstances under which the court will continue to dismiss moot claims." *Id.* "A case is moot when the court's decision will no longer have a practical effect on the rights or obligations of a party. To avoid mootness, the effect must have a significant probability of actually occurring; a speculative or merely possible effect is not enough." *Oregon School Activities v. Board Of Education*, 244 Or App 506, 510, 260 P3d 735 (2011) (internal citations omitted).[5]

We agree that the state's challenges to the postjudgment order granting defendant conditional release after a second-look hearing are moot. Because defendant's conviction for aggravated murder and sentence of life imprisonment

---

[5] Neither party has argued that, although moot, this action is nevertheless justiciable under ORS 14.175, which provides:

"In any action in which a party alleges that an act, policy or practice of a public body, as defined in ORS 174.109, or of any officer, employee or agent of a public body, as defined in OR 174.109, is unconstitutional or is otherwise contrary to law, the party may continue to prosecute the action and the court may issue a judgment on the validity of the challenged act, policy or practice even though the specific act, policy or practice giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1) The party had standing to commence the action;

"(2) The act challenged by the party is capable of repetition, or the policy or practice challenged by the party continues in effect; and

"(3) The challenged policy or practice, or similar acts, are likely to evade judicial review in the future."

with a 30-year mandatory minimum term has been vacated, any decision by this court on the issue presented will have no practical effect on the rights of the parties. And, although the state notes that, "if defendant is convicted once again on the charge of aggravated murder and the sentencing court re-imposes a sentence of life imprisonment with a 30-year minimum term, pursuant to ORS 163.105(1)(c), and the court then re-issues its order of conditional release under ORS 420A.206(3), the issue presented by this appeal will be resurrected," that contingency is far too speculative to avoid mootness. *Id.*

Appeal dismissed as moot.