AOYAGI, J.
*407 The state appeals an order of conditional release entered under ORS 420A.206. Defendant was convicted of aggravated murder and related charges for crimes that he committed in 1998 when he was 14 years old. In 2017, the sentencing court held a second-look hearing. The court determined that defendant should be conditionally released and entered a dispositional order to that effect under ORS 420A.203. The state did not appeal. A month later, the court entered an order of conditional release under ORS 420A.206, specifying the conditions and terms of defendant's release. The state appeals that order, arguing that defendant was statutorily ineligible for a second look and therefore should not have been conditionally released. Because we agree with defendant that his eligibility for a second look was reviewable only on appeal from the dispositional order of April 7, 2017-which the state did not appeal-we affirm.
A detailed rendition of the procedural history of this case is unnecessary. For purposes of the present appeal, the relevant facts are minimal and undisputed. In 2000, defendant was convicted of aggravated murder and related charges for crimes that he committed in 1998 when he was 14 years old, and he was sentenced to life imprisonment with a 30-year minimum term. In 2014, the sentencing court held a second-look hearing pursuant to ORS 420A.203, which allows certain persons convicted of crimes that they committed when they were under the age of 18 to be considered for conditional release once they have served half of their sentence of imprisonment. The court entered a dispositional order in late 2014, ruling that defendant should be conditionally released, which the state appealed. While that appeal was pending, defendant successfully obtained unrelated *959 post-conviction relief. Defendant's conviction for aggravated murder was thereafter set aside, and, as a result, the state's appeal of the 2014 second-look order was dismissed as moot on the state's motion. State v. Walraven , 282 Or. App. 649, 654-55, 385 P.3d 1178 (2016).
Defendant later entered a new plea that resulted in a new aggravated murder conviction, and the sentencing court again imposed the sentence of life imprisonment with *408 a 30-year minimum term. Based on the new conviction, the sentencing court held a new second-look hearing in 2017. After the hearing, the court determined that defendant should be conditionally released under ORS 420A.203. On April 7, 2017, it entered an order "that conditional release is the appropriate disposition pursuant to ORS 420A.203 (4)(a)(B)." The state did not appeal the dispositional order. Thereafter, on May 17, 2017, the sentencing court entered an order of conditional release, specifying the conditions and terms of defendant's release, as required by ORS 420A.206. In this appeal from that order, the state argues that the sentencing court committed an error of law in its order of May 17, 2017, because defendant is not eligible for a second look under ORS 420A.203 and therefore should not have been conditionally released. In particular, the state argues that, as a matter of law, under ORS 420A.203(1), the second-look procedure does not apply to persons sentenced to life imprisonment with a 30-year minimum term.
Defendant's response is two-fold. First, he contends that his eligibility for a second look under ORS 420A.203(1) is not reviewable on appeal of the sentencing court's order of conditional release of May 17, 2017, and could only have been reviewed on appeal of the court's dispositional order of April 7, 2017, which was not appealed. Second, on the merits, defendant argues that he was eligible for a second look under ORS 420A.203(1) and that the sentencing court did not err in giving him a second look.[1]
The parties' arguments pose a question of statutory construction regarding ORS 420A.203 and ORS 420A.206. The correct construction of a statute is a question of law. Karjalainen v. Curtis Johnston & Pennywise, Inc ., 208 Or. App. 674, 681, 146 P.3d 336 (2006), rev. den. , 342 Or. 473, 155 P.3d 51 (2007). In construing a statute, the text and context are "primary" and "must be given primary weight in the analysis." State v. Gaines , 346 Or. 160, 171, 206 P.3d 1042 (2009). In this case, as explained below, our analysis of the text and context of ORS 420A.203 and ORS 420A.206 leads us to conclude that *409 we cannot review defendant's eligibility for a second look in this appeal.[2]
ORS 420A.203 governs eligibility for a second look, procedures for second-look hearings, and dispositional orders granting or denying conditional release. Specifically, subsection (1) identifies who is eligible for a second look. Subsections (2) and (3) set out the timing and notice requirements and hearing procedures for a second-look hearing. After hearing the evidence, subsection (4) requires the sentencing court to make findings on enumerated criteria and, based on those findings, enter a dispositional order that either requires the person to serve the entire remainder of the sentence or orders the person to be conditionally released under ORS 420A.206 -the second statute at issue in this appeal-at such time as the court may order. The dispositional order is provided to various parties under subsection (5). The person or the state may then appeal the dispositional order, as provided in subsection (6), which imposes express limitations on the scope of review:
"The person or the state may appeal an order entered under this section. On appeal, the appellate court's review is limited to claims that:
"(a) The disposition is not authorized under this section;
"(b) The court failed to comply with the requirements of this section in imposing the disposition; or *960 "(c) The findings of the court are not supported by substantial evidence in the record."
ORS 420A.203(6).
Turning to ORS 420A.206, that statute becomes relevant only after the sentencing court orders the disposition of conditional release under ORS 420A.203(4). ORS 420A.206 governs release plans, orders of conditional release, amendments, and suspensions and revocations. Specifically, subsection (1) provides for the Department of Corrections *410 to prepare a release plan and for the sentencing court, with or without revisions, to approve it. Once the sentencing court approves a final release plan, subsection (2) requires the court to enter an "order of conditional release," and it specifies what that order must contain. During the period of conditional release, the court retains ongoing jurisdiction of the person, and it may amend the release conditions. ORS 420A.206(3). There are also procedures for the court to suspend or revoke the person's conditional release. ORS 420A.206(4) - (5). The state, the Department of Corrections, or the person may appeal an order of conditional release or a suspension-revocation order as provided in subsection (6), which includes express limitations on review:
"(a) The state, the Department of Corrections or the person may appeal from an order of conditional release under this section. The appellate court's review is limited to claims that the court failed to comply with the requirements of law in ordering the conditional release.
"(b) The state, the Department of Corrections or the person may appeal from an order of the court entered under subsection (4) or (5) of this section. The appellate court's review is limited to claims that:
"(A) The disposition is not authorized under this section;
"(B) The court failed to comply with the requirements of law; and
"(C) The finding of the court that the person did or did not violate a condition of release is not supported by substantial evidence in the record."
ORS 420A.206(6).
The state argues that it may challenge a person's eligibility for a second look on appeal of either the sentencing court's dispositional order under ORS 420A.203(4)or its order of conditional release under ORS 420A.206(2). According to the state, both are statutorily permissible. Defendant counters that eligibility for a second look is reviewable only on appeal of a dispositional order entered under ORS 420A.203(4). We conclude that the text and context of the statutes is clear, that defendant is correct, and *411 that the legislature intended to allow appellate review of a person's eligibility for a second look only on appeal of the dispositional order entered under ORS 420A.203(4).
ORS 420A.203(4) provides for a dispositional order allowing or denying conditional release. Eligibility is inherently part of the ORS 420A.203 analysis. ORS 420A.203 (1)(a) sets forth the eligibility requirements, and ORS 420A.203(1)(b) provides that, "[w]hen a person described in paragraph (a) of this subsection has served one-half of the sentence imposed, the sentencing court shall determine what further commitment or disposition is appropriate as provided in this section." On appeal of a dispositional order entered under ORS 420A.203(4), we may review claims that the court failed to comply with the statutory requirements in granting or denying conditional release-such as by failing to consider the mandatory criteria identified in ORS 420A.203 -but we may also review the underlying eligibility determination. That is because an order granting conditional release to a person who is ineligible for a second look under ORS 420A.203(1)"is not authorized" under ORS 420A.203(1) and shows that the court "failed to comply with the requirements" of ORS 420A.203(1). See ORS 420A.203(6)(a)-(b) (reviewable issues on appeal include claims that the "disposition is not authorized under this section" and claims that the court "failed to comply with the requirements of this section in imposing the disposition").
By contrast, when the court enters an "order of conditional release" under *961 ORS 420A.206, and it is appealed, our review is limited to "claims that the court failed to comply with the requirements of law in ordering the conditional release." ORS 420A.206(6)(a). That review provision does not encompass the sentencing court's dispositional order granting or denying conditional release in the first place under ORS 420A.203(4). An "order of conditional release" is a specific type of order, created by ORS 420A.206(2), that provides the conditions and terms of release. It is to be issued after the court issues its dispositional order under ORS 420A.203(4) and after the court approves a final release plan under ORS 420A.206(1). By definition, an "order of conditional release" under ORS 420A.206(2) is separate and *412 apart from a dispositional order under ORS 420A.203(4), both in substance and in time, and each order is separately appealable. Paragraph (a) of ORS 420A.206(6) does not authorize us to review the substance of a dispositional order entered under ORS 420A.203(4) on appeal from an order of conditional release entered under ORS 420A.206(2).
Nor does paragraph (b) of ORS 420A.206(6) authorize our review of a dispositional order entered under ORS 420A.203(4). By its express terms, the only "disposition" reviewable under ORS 420A.206(6)(b) is the sentencing court's disposition in a suspension or revocation proceeding under ORS 420A.206(4) and (5). See ORS 420A.206 (6)(b) (providing for appeal of an order entered under ORS 420A.206(4) or (5), i.e. , an order regarding suspension or revocation, and, in that context only, allowing review of claims that "[t]he disposition is not authorized under this section"); ORS 420A.206(4)(c) (allowing the court to detain a person pending the hearing and "disposition" of a suspension or revocation proceeding). The state's reliance on ORS 420A.206(6)(b) as permitting review of a person's eligibility for a second look on appeal of an order of conditional release is therefore misplaced.
In sum, we conclude, as a matter of statutory interpretation, that a person's eligibility for a second look under ORS 420A.203(1) is reviewable on appeal of a dispositional order entered under ORS 420A.203(4), but is not reviewable on appeal of an order of conditional release entered under ORS 420A.206(2). We therefore do not reach the merits of the state's arguments regarding defendant's eligibility for a second look. That issue is beyond the scope of review in this appeal under ORS 420A.206(6).
Affirmed.

Defendant also makes a third argument, regarding mootness, which we reject without written discussion.

The parties have not identified any useful legislative history regarding the scope of review under each statute. See ORS 174.020(3) (regarding our consideration of legislative history); Gaines , 346 Or. at 172-73, 206 P.3d 1042 (same).