Argued and submitted September 19, affirmed October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CYNTHIA MARIE EDISON,
*Defendant-Appellant.*

Baker County Circuit Court
17CR16096; A166885

450 P3d 1040

Gregory L. Baxter, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant was charged with unlawful possession of methamphetamine and unlawful possession of hydrocodone in March 2017. She pleaded guilty to the methamphetamine charge, and the trial court entered a judgment on conditional discharge, deferring further proceedings and placing defendant on probation for 18 months. The judgment on conditional discharge specified that, if defendant violated a term or condition of her probation, the court could "enter an adjudication of guilt" and sentence defendant for possession of methamphetamine.

On several occasions over the next eight months, defendant told her probation officer that she had recently used methamphetamine. At a December 2017 hearing, the state argued that defendant had violated the conditions of her probation, and it asked for the conditional discharge to be revoked. Defendant argued that her admissions to using methamphetamine had not been corroborated, and she asked the court not to revoke her discharge and to give her additional time to pursue substance-abuse treatment. The court found that defendant had violated her probation conditions. After describing defendant's history while on probation, the court stated that, although defendant had made "some effort" at treatment, it was not enough "to maintain this," and so it revoked defendant's conditional discharge. The court entered a judgment of conviction for possession of methamphetamine, and defendant appeals.

On appeal, defendant contends that the trial court improperly relied on her "uncorroborated confessions" to find that she violated the conditions of her probation. She also argues that the trial court based its revocation of her conditional discharge on a mistaken belief that it could not extend the duration of the discharge. Anticipating an argument by the state, defendant contends for several reasons that we have authority to review those arguments despite ORS 138.105(5), which states that an appellate court "has no authority to review the validity of the defendant's plea of guilty *** or a conviction based on the defendant's plea of guilty." In response, the state makes the anticipated argument that ORS 138.105(5) makes defendant's arguments

unreviewable. On the merits, the state argues that the statements that defendant made to her probation officer did not require corroboration. The state also argues that the trial court did not abuse its discretion by revoking defendant's conditional discharge and that, in doing so, the court did not rely on a mistaken understanding of the law; moreover, it contends, defendant's contrary argument is unpreserved.

We need not, and do not, decide in this case whether ORS 138.105(5) precludes appellate review of the types of decisions or rulings that defendant challenges in this appeal. If the decisions are not reviewable, the correct result is to affirm. If the decisions are reviewable but defendant's arguments fail on the merits, the correct result is still to affirm. In this case, we assume, without deciding, that we have authority to review defendant's arguments, and we reject those arguments on the merits without further discussion.

Affirmed.