Argued and submitted November 18, 2019, affirmed January 2, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CESAR ULISES CANALES,
*Defendant-Appellant.*

Lane County Circuit Court
16CR27515; A167563

458 P3d 720

Maurice K. Merten, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII). Defendant pleaded guilty, and the trial court entered an order of diversion that withheld entry of the judgment of conviction pending completion or termination of diversion. Defendant completed all terms of the diversion agreement within the diversion period, except for his attendance at a victim impact panel. He completed that term one week after the diversion period had ended. Because defendant failed to complete the terms of diversion within the diversion period, the trial court terminated the diversion, entered a judgment of conviction for DUII, and sentenced defendant.

On appeal, defendant argues that the trial court erred in terminating his diversion, because the diversion statutes did not require the court to terminate diversion. Defendant argues that his late completion of the victim impact panel did not violate the terms of his diversion or, alternatively, that the trial court had discretion to excuse that late completion and dismiss his case. Further, defendant contends that we have authority to review his assignment of error despite ORS 138.105(5), which provides that "[t]he appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest," except with respect to matters that are not applicable here.

The state, in turn, argues that ORS 138.105(5) makes defendant's appeal unreviewable. On the merits, the state argues that the court did not have discretion to excuse defendant's late completion of the victim impact panel, because, under ORS 813.255(3)(b)[1] a court must terminate diversion

---

[1] ORS 813.255(3)(b) provides:

"Except as provided in subsections (4), (5) and (6) of this section, the court shall terminate the diversion agreement and enter the guilty plea or no contest plea that was filed as part of the petition for the diversion agreement if the defendant fails to appear at the hearing on the order to show cause or if, at the hearing on the order to show cause, the court finds by a preponderance of the evidence that:

"* * * * *

"(b) The defendant failed to fulfill all of the terms of the diversion agreement."

when a defendant fails to fulfill the obligations of the diversion agreement.

In this case, we decline to decide whether ORS 138.105(5) precludes appellate review of defendant's assignment of error. As we stated in *State v. Edison*, 300 Or App 382, 384, 450 P3d 1040 (2019), "[i]f the decisions are not reviewable, the correct result is to affirm. If the decisions are reviewable but defendant's arguments fail on the merits, the correct result is still to affirm." Here, we assume, without deciding, that we have authority to review defendant's arguments, and we reject those arguments on the merits without further discussion.

Affirmed.