Submitted October 27, 2020; portion of amended judgment imposing $255 fee vacated, remanded for resentencing, otherwise affirmed; supplemental judgment reversed January 6, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RHONDA COLGROVE,
*Defendant-Appellant.*

Umatilla County Circuit Court
17CR57106; A169952

480 P3d 1026

As a condition of a diversion program for driving under the influence of intoxicants (DUII), defendant was required to attend a victim impact panel. When she failed to do so during the diversion period, the trial court terminated diversion and convicted and sentenced her. On appeal, defendant challenges the termination of diversion, arguing that there was no time limit on her attendance of the victim impact panel or that the court could have waived the condition retroactively. She also challenges various fines and fees imposed by the court. *Held*: The trial court did not err in terminating diversion, because defendant failed to fulfill a diversion condition during the diversion period. As for fines and fees, the $255 DUII conviction fee is vacated, because the trial court did not recognize its discretion as to that fee, and, when the court resentences defendant on remand, it may consider defendant's arguments regarding the $2,000 DUII fine and the $100 bench probation fee. Finally, on this record, the trial court erred in ordering defendant to pay $70 for court-appointed counsel.

Portion of amended judgment imposing $255 fee vacated; remanded for resentencing; otherwise affirmed. Supplemental judgment reversed.

Paul G. Crowley, Judge. (Supplemental Judgment)

Daniel J. Hill, Judge. (Amended General Judgment)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Portion of amended judgment imposing $255 fee vacated; remanded for resentencing; otherwise affirmed. Supplemental judgment reversed.

**AOYAGI, J.**

Defendant was found guilty of driving under the influence of intoxicants (DUII), ORS 813.010, and placed in a diversion program. When she failed to satisfy all of the diversion conditions during the diversion period, the trial court issued a show-cause order as to why diversion should not be terminated. At defendant's arraignment, the court appointed counsel and, by "supplemental judgment" entered December 3, 2018,[1] ordered defendant to pay $70 toward the costs of counsel. After holding a show-cause hearing, the court terminated diversion on January 4, 2019. The court convicted and sentenced defendant on the same day, by way of a judgment that was later amended on January 16, 2019. As relevant here, the court sentenced defendant to probation and ordered her to pay a $2,000 fine, a $255 DUII conviction fee, and a $100 probation fee.

On appeal, defendant raises five assignments of error. In her first assignment of error, she argues that the trial court erred in terminating diversion, based on her failure to attend a victim impact panel during the diversion period, either because the diversion agreement did not set a deadline to attend or because the trial court could have retroactively removed the condition. In her second through fourth assignments of error, she argues that the trial court erred in imposing fines and fees under the mistaken belief that it lacked discretion not to impose them. In her fifth assignment of error, she argues that the trial court erred on this record in requiring her to pay $70 for court-appointed counsel. For the following reasons, we affirm the termination of diversion, vacate the $255 fee, remand for resentencing, and reverse the supplemental judgment.

## TERMINATING DIVERSION

As part of her diversion agreement, defendant was required to attend a victim impact panel. In her first

---

[1] For ease of reference, we refer to the judgment entered on December 3, 2018, as the "supplemental judgment," because it is so labeled and because the parties do so. It is actually a limited judgment, as contemplated by ORS 151.487(1), but "is an appealable judgment over which we have jurisdiction, despite being mislabeled." *Private Capital Grp., LLC v. Harris*, 273 Or App 529, 539 n 6, 363 P3d 502 (2015).

assignment of error, defendant challenges the trial court's decision to terminate diversion based on her failure to attend a victim impact panel during the diversion period. The parties disagree as to the reviewability of the court's termination decision. Defendant argues that it is reviewable, notwithstanding that defendant pleaded guilty to DUII, while the state insists that it is unreviewable. *See* ORS 138.105(5) (precluding appellate review of a conviction based on a guilty plea, with two limited exceptions). Assuming without deciding that the trial court's decision to terminate diversion is reviewable, defendant's argument fails on the merits. *Cf. State v. Canales*, 301 Or App 668, 670, 458 P3d 720, *rev den*, 366 Or 552 (2020) (taking similar approach to similar claim of error).

Although it is true that the trial court had discretion whether to order defendant to attend a victim impact panel—*see* ORS 813.235 (a trial court "may" require as a condition of a DUII diversion agreement that the defendant attend a victim impact panel, if the county has a victim impact program)—here, the trial court *did* in fact order defendant to attend a victim impact panel as a condition of her DUII diversion agreement. Defendant failed to satisfy that condition during the diversion period. The diversion order plainly stated the diversion period, and, when defendant entered diversion, the court reiterated that she had to complete all requirements within one year. We reject defendant's argument that the diversion agreement permitted her to attend a victim impact panel at any time, including *after* the diversion period ended. We also reject defendant's argument that the court erred because it could have retroactively removed the condition that she attend a victim impact panel. Defendant never asked the court to reconsider its original order, and the court was not required to do so *sua sponte*.

## FINES AND FEES

In her third assignment of error, defendant argues that the trial court erred in imposing the $255 DUII conviction fee, because it incorrectly believed that it lacked discretion regarding that fee. Based on the court's oral ruling, we agree with defendant that the court did not recognize

that it had discretion not to impose that fee. We also agree that the claim of error was sufficiently preserved. Finally, we agree that the court relied on an inaccurate legal premise in making its ruling, in that the court had discretion not to impose the $255 fee if defendant was "indigent." ORS 813.030 ("The fee required by ORS 471.432 and 813.020(1) shall be in the amount of $255, except that the court may waive all or part of the fee in cases involving indigent defendants."). Because the trial court's imposition of the $255 fee was based on an erroneous legal premise, we remand for resentencing. *See Golik v. CBS Corp.*, 306 Or App 202, 213, 472 P3d 778 (2020) (when a court has discretion whether to do something, we review for "predicate legal error" and, if there was none, abuse of discretion). In doing so, we decline defendant's request that we vacate the fee without remand. It is for the trial court to decide whether defendant is "indigent" and, if so, whether to exercise its discretion to waive all or part of the fee.

In her second and fourth assignments of error, defendant argues that the trial court erred in imposing the $2,000 mandatory minimum DUII fine and the $100 bench probation fee, because the court incorrectly believed that it lacked discretion. More precisely, defendant argues that, although the court was required to impose that fine and fee,[2] it failed to recognize its discretion to suspend some or all of the fine and fee. *See* ORS 137.010(3) ("[T]he court may suspend the imposition or execution of any part of a sentence for any period of not more than five years."); *see also*, *e.g.*, *State v. Adams*, 275 Or App 160, 161, 362 P3d 1211 (2015) (noting that, upon convicting the defendant of DUII, the trial court imposed a $1,500 fine but suspended $1,000 of the fine pending the defendant's successful completion of probation). The state does not dispute that the trial court had suspension authority, but it argues that defendant did not request suspension and did not adequately preserve the suspension issue; defendant argues that she did adequately

---

[2] *See* ORS 813.010(6)(d) (providing, as relevant here, that, in addition to any other sentence imposed for a DUII conviction, the court "shall impose" a fine, with the "minimum" amount being $2,000 for a defendant who drove a vehicle with a blood-alcohol level of 0.15 percent or more by weight); ORS 137.540(8) (providing that, if the court orders supervised probation, "the defendant shall pay a fee of $100 to the court").

preserve the issue. We need not resolve the preservation dispute, because the case is remanded for resentencing based on the third assignment of error, and the trial court "may impose a new sentence" on remand, ORS 138.257(4), including exercising its discretion to decide whether to suspend the fine and fee at issue in the second and fourth assignments of error. The parties' arguments about the $2,000 fine and the $100 fee are therefore better directed to the trial court under the circumstances.

## COURT-APPOINTED COUNSEL

Finally, in her fifth assignment of error, defendant argues that the trial court erred in ordering her to pay $70 for court-appointed counsel, because the court did not make an express finding about her ability to pay and the record would not allow the necessary finding. Under ORS 151.487(1), the court could require defendant to pay costs related to court-appointed counsel, but only if it found that defendant "has financial resources" and "is able to pay without creating substantial hardship in providing basic economic necessities to [herself] or [her] dependent family."[3] After defendant submitted her application and financial affidavit, court staff calculated her application fee and contribution amount as $0. Nonetheless, the court entered a supplemental judgment ordering defendant to pay $70 (a $20 application fee and $50 contribution), making no express finding regarding her ability to pay. The claimed error appeared for the first time in the judgment, so the rules of preservation do not apply, and we engage in our normal review rather than plain-error review. *State v. McCarthy*, 305 Or App 658, 667-68, 473 P3d 74 (2020) (concluding same in analogous circumstances on appeal of a supplemental judgment under ORS 151.487). On this record, we agree with defendant that, notwithstanding the small amount at issue, the trial court could not make the necessary finding and that the supplemental judgment

---

[3] When a trial court orders a defendant to contribute toward the costs of court-appointed counsel, the applicable authorizing statute depends on the timing of the order. Orders entered *before* the conclusion of the defendant's case at sentencing are governed by ORS 151.487, while orders entered *after* the conclusion of the defendant's case at sentencing are governed by ORS 151.505 and ORS 161.665. *State v. McCarthy*, 305 Or App 658, 661, 473 P3d 74 (2020) (discussing same). Here, the trial court acted pursuant to ORS 151.487.

must therefore be reversed. *See State v. Mendoza*, 286 Or App 548, 549, 401 P3d 288 (2019) (it is error to require a defendant to pay court-appointed attorney fees if the record lacks legally sufficient evidence to make the necessary predicate finding).

Portion of amended judgment imposing $255 fee vacated; remanded for resentencing; otherwise affirmed. Supplemental judgment reversed.