***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 4; portion of judgment requiring defendant to pay a $1000 DUII fine vacated, remanded for resentencing, otherwise affirmed August 10, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS EDWARD PFEIFER,
*Defendant-Appellant.*

Grant County Circuit Court
19CR75681; A174759

Gregory L. Baxter, Senior Judge. (Judgment November 9, 2020)

Robert F. Nichols, Jr, Senior Judge. (Judgment September 18, 2020)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Pagán, Judge, and Armstrong, Senior Judge.

PAGÁN, J.

Portion of judgment requiring defendant to pay a $1000 DUII fine vacated; remanded for resentencing; otherwise affirmed.

**PAGÁN, J.**

Defendant appeals from a conviction of driving under the influence of intoxicants (DUII) following a jury trial. On appeal, he assigns error to the trial court's determination that defendant voluntarily waived his right to testify on his own behalf. We reject that assignment without further discussion except to say that after reviewing the record we conclude that the trial court did not interfere with defendant's right to testify or create circumstances where defendant's choice to waive his right to testify was not voluntary or knowing.

Additionally, defendant assigns separate error to the trial court's imposition of a $1,000 DUII fine and to the imposition of a $255 intoxicant conviction fee. The state concedes error in the court's determination that it did not have authority to suspend some or all of the mandatory-minimum DUII fine. For the reasons stated in *State v. Colgrove*, 308 Or App 441, 444-46, 480 P3d 1026, *rev allowed*, 368 Or 347 (2021), we agree that the trial court erred, and accept the state's concession as well taken.[1]

We need not reach defendant's assignment regarding the $255 intoxicant conviction fee imposed pursuant to ORS 813.030, because defendant will have an opportunity at resentencing to address that issue.

Portion of judgment requiring defendant to pay a $1000 DUII fine vacated; remanded for resentencing; otherwise affirmed.

---

[1] The questions presented on review to the Oregon Supreme Court did not implicate our analysis in *Colgrove* with respect to DUII fines and fees.