344 February 28, 2024 No. 155

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESUS GONGORA DOMINGUEZ,
aka Jesus Gongora-Dominguez,
*Defendant-Appellant.*

Washington County Circuit Court
20CR41638; A176568

Oscar Garcia, Judge.

Argued and submitted September 6, 2023.

Andy Simrin argued the cause for appellant. Also on the brief was Andy Simrin PC.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded for resentencing on Counts 2 through 6; otherwise affirmed.

**PAGÁN, J.**

Defendant was convicted of six counts of sodomy in the first degree against a minor under 12 years old, in violation of ORS 163.405. He appeals the judgment of conviction and raises three assignments of error.

In the first assignment, defendant contends that the trial court erred in failing to grant, *sua sponte*, a motion for judgment of acquittal on one of the six counts because the evidence supported only five counts. Having reviewed the record, we reject that claim as we conclude there was sufficient evidence for a factfinder to find that there were six different criminal acts.

In defendant's second assignment of error, he argues that the trial court violated the state and federal constitutions when it engaged in factfinding to enhance his sentence under ORS 137.690, as opposed to that factfinding being done by the jury. *See Apprendi v. New Jersey*, 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); *State v. Wedge*, 293 Or 598, 608, 652 P2d 773 (1982) (holding that Article I, section 11, of the Oregon Constitution entitles a defendant to a jury determination of facts under an enhanced penalty statute when "in effect[,] it creates a new crime"). While the state concedes error on defendant's second assignment, and we accept that concession, the state argues that the error was harmless. However, for reasons discussed below, we reject the argument that the error was harmless, and reverse and remand for resentencing. Because that disposition focuses on the constitutionality of defendant's 300-month sentence, we do not address defendant's third assignment of error, which argues that the length of his sentence is unconstitutional.

As noted above, defendant was charged with six counts of sodomy in the first degree against a minor under the age of 12. Relevant for this appeal, the indictment alleged that Counts 1 through 6 were each a "separate act and transaction," and the jury convicted defendant on all

counts. However, the jury was never asked to make findings on whether each count constituted a separate criminal episode, and the verdict form did not ask any questions or provide any opportunity for the jury to find separate episodes.[1] At sentencing, the trial court made a factual finding that each count constituted a separate episode, triggering the Major Sex Felony enhancement under ORS 137.690.[2] Thus, the court sentenced defendant to 100 months' imprisonment on Count 1 and 300 months' imprisonment pursuant to ORS 137.690 for the remaining five counts, all to run concurrently.

The state concedes that the trial court erred when it engaged in impermissible judicial factfinding, but asks that we conclude the error to be harmless as to Counts 2, 4, and 6. *See State v. Cook*, 340 Or App 530, 544, 135 P3d 260 (2006) (concluding that a federal constitutional error does not require reversal if the constitutional error was harmless beyond a reasonable doubt); *see also State v. Johnson*, 329 Or App 588, 634, 542 P3d 467 (2023) (citing *Washington v. Recuenco*, 548 US 212, 126 S Ct 2546, 165 L Ed 2d 466 (2006) for the proposition that an *Apprendi* federal constitutional violation is not structural error and is subject to harmless error analysis). Specifically, the state argues that "no reasonable juror could have found that the acts underlying [those counts] occurred during the same criminal episode." We disagree. The evidence presented through the victim's testimony was not specific about dates, times, or even instances. The most specific evidence on the issue was the testimony of an officer stating that the victim told him that there were "five separate occasions," but that testimony was not linked to any particular allegation or criminal act.

---

[1] ORS 131.505(4) defines "criminal episode" as "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

[2] ORS 137.690 states, in part:

"a. Any person who is convicted of a major felony sex crime, who has one (or more) previous conviction of a major felony sex crime, shall be imprisoned for a mandatory minimum term of 25 years.

"* * * * *

"c. Previous conviction' includes * * * a conviction in the same sentencing proceeding if the conviction is for a separate criminal episode as defined in ORS 131.505."

Additionally, the state's reliance on the phrases "first time" and "last time" is also unpersuasive. That context does not provide enough information relevant to a separate criminal episode analysis under ORS 137.690 such that a jury could make a finding that the acts were not "continuous and uninterrupted" and "directed to the accomplishment of a single criminal objective." *See State v. Thornsberry*, 315 Or App 287, 288-89, 501 P3d 1 (2021) (discussing ORS 137.690, which cross-references ORS 131.505 and harmless error analysis). Under those circumstances, we cannot say the error was harmless beyond a reasonable doubt. We thus reverse and remand for resentencing on Counts 2 through 6.

As noted above, because we reverse and remand on defendant's second assignment of error, we do not need to resolve defendant's third assignment of error, as he may raise that argument anew on remand. *See, e.g.*, *State v. Colgrove*, 308 Or App 441, 446, 480 P3d 1026 (2021) (not reaching additional claims because the case already was being remanded for resentencing).

Reversed and remanded for resentencing on Counts 2 through 6; otherwise affirmed.