No. 954　　　　　October 29, 2025　　　　　605

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON MICHAEL WOLF,
*Defendant-Appellant.*

Curry County Circuit Court
22CR52819; A183791

Cynthia Lynnae Beaman, Judge.

Submitted July 9, 2025.

Ernest Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Remanded for resentencing; otherwise affirmed.

**JOYCE, J.**

In this criminal case, defendant appeals from a judgment convicting him of driving under the influence of intoxicants (DUII) (Count 1) and finding him in violation of his probation for unlawful possession of a firearm (Count 3). On appeal, defendant argues that the trial court (1) plainly erred in imposing a $2,000 fine on Count 1 and (2) plainly erred in imposing a $255 conviction fee on Count 1.[1] The state concedes that the trial court plainly erred in imposing the $255 DUII conviction fee.

We agree with and accept the state's concession. The record indicates that the trial court erroneously believed that the fee was mandatory, overlooking its authority under ORS 813.030(1) to waive all or part of the fee. Accordingly, we remand for resentencing. *See State v. Colgrove*, 308 Or App 441, 444-46, 480 P3d 1026 (2021), *aff'd on other grounds*, 370 Or 474, 521 P3d 456 (2022) (remanding for resentencing under similar circumstances). On remand, the trial court should address whether to exercise its discretion to waive all or part of the DUII conviction fee. Further, in light of the disposition on that claim of error, we need not address defendant's claim of error with respect to the $2,000 fine because that issue can also be addressed on remand.

Remanded for resentencing; otherwise affirmed.

---

[1] Defendant also argues that the trial court plainly erred in finding that he violated his probation on Count 3 and plainly erred in imposing DUII conditions of probation on Count 3. Because defendant's probation on that Count expired during the pendency of this appeal, however, the parties agree that those claims of error are moot. We also agree. *See State v. Walraven*, 282 Or App 649, 654, 385 P3d 1178 (2016) ("A case is moot when the court's decision will no longer have a practical effect on the rights or obligations of a party." (Internal quotation marks omitted.)).