Argued and submitted November 14, 2002, vacated and remanded in part; otherwise affirmed May 22, petition for review denied August 26, 2003 (335 Or 656)

# STATE OF OREGON,
*Respondent,*

*v.*

# TREVOR TROY WALRAVEN,
*Appellant.*

99CR0013; A112296

69 P3d 835

Andy Simrin, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was David Groom, Acting Executive Director, Office of Public Defense Services.

Kaye E. McDonald, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy

Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals his convictions and sentences for two counts of aggravated murder, ORS 163.095, and one count of murder, ORS 163.115, arising out of a robbery and murder in Josephine County.

Defendant assigns error to the trial court's failure to merge the two counts of aggravated murder into a single conviction.[1] The state agrees that remand is necessary to correct the judgment to reflect one conviction of aggravated murder, listing the aggravating factors. Defendant also assigns error to the trial court's failure to merge his conviction for felony murder with either of his convictions for aggravated murder. We review for errors of law, ORS 138.222(4)(a), and vacate and remand.

■■ Defendant's assignments of error concern the trial court's refusal to merge certain crimes. Merger of crimes is governed by ORS 161.067(1), which provides that separately punishable crimes exist where the same conduct or criminal episode (1) violates two or more statutory provisions and (2) each provision requires proof of an element that the others do not. Merger of convictions occurs if the crimes do not satisfy both requirements. That statute is often used to merge "lesser-included offenses" into a greater crime, so that a defendant is convicted of only the greater crime. The merger of convictions is important for at least two reasons. First, if merger occurs, there is no possibility of consecutive sentences. Second, the defendant's criminal history will reflect fewer convictions. Thus, although the effects of merger are not always immediately apparent, they can be real and varied.

In the case before us, a jury found defendant guilty of two counts of aggravated murder and two counts of murder. The court did not merge the two aggravated murder convictions. The court did merge one of the murder convictions, ORS 163.115(1)(a) (intentional murder), with one of the aggravated murder convictions.[2] The court refused to merge

---

[1] We affirm without discussion defendant's assignment of error relating to his motion to suppress.

[2] Neither party contests the merger of the intentional murder conviction into the aggravated murder conviction.

the felony murder conviction with either of the aggravated murder convictions.

Defendant contends that, under *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), his two convictions for aggravated murder must merge because there was a single victim. Defendant acknowledges that he did not preserve that assignment of error below, but he argues that we should nonetheless exercise our discretion and decide that question because the error is apparent on the face of the record, citing *State v. Wilkins,* 175 Or App 569, 586, 29 P3d 1144, *rev den,* 333 Or 74 (2001). The state agrees that we should reach that question to correct an erroneous conviction. For the reasons stated in *Wilkins,* the error is apparent on the face of the record, and we exercise our discretion to review it.

In *Barrett,* the Supreme Court considered whether, under *former* ORS 161.062(1), *repealed by* Or Laws 1999, ch 136, § 1, which was identical in all pertinent respects to ORS 161.067(1), a defendant could be convicted of and sentenced for multiple counts of aggravated murder based on multiple theories of aggravated murder arising from a single murder. The court concluded that such a circumstance violated only one statutory provision, albeit under different theories, and, therefore, only one conviction should be entered. *Barrett,* 331 Or at 37. The same analysis applies here. Because defendant murdered one victim, the two counts of aggravated murder merge into one conviction, with separate aggravating factors.

In defendant's final assignment of error, he argues that the trial court should have merged his conviction for felony murder into one of his two convictions for aggravated murder, again relying on *Barrett.* Below, defendant argued that the failure to merge the convictions would violate the double jeopardy clause of Article I, section 12, of the Oregon Constitution.[3] Defendant argued to the trial court that it should have merged the counts *despite* the language of ORS 161.067(1) and now, on appeal, defendant's argument is based on that same statute. The state argues that defendant has failed to preserve his statutory argument that ORS

---

[3] Article I, section 12, provides that "[n]o person shall be put in jeopardy twice for the same offence (*sic*) * * *."

161.067(1) requires merger and that defendant's failure to alert the trial court to his current argument should preclude our review. We agree with the state that defendant's statutory argument is not only not preserved but is also expressly waived. We therefore may not consider its merits. *State v. Chavez*, 335 Or 44, 56 P3d 923 (2002); *State v. Wyatt*, 331 Or 335, 15 P3d 22 (2000). Both parties agree, however, that the case must be remanded for the correction of the judgment of conviction of aggravated murder and sentencing. On remand, defendant is free to present his statutory argument to the trial court, which has discretion to consider it and the effect of the Supreme Court's decision in *Barrett*.

Convictions for aggravated murder vacated and remanded for entry of one conviction of aggravated murder and resentencing; otherwise affirmed.