Submitted on record and briefs July 11, reversed and remanded with instructions to merge conviction for conspiracy to commit first-degree robbery with convictions for first-degree robbery and to merge conviction for conspiracy to commit first-degree burglary with convictions for first-degree burglary and for resentencing; otherwise affirmed September 13, petition for review denied December 27, 2006

(342 Or 254)

## STATE OF OREGON,
*Respondent,*

*v.*

## JASON LEE HATHAWAY,
*Appellant.*

03FE1205MS; A123786

143 P3d 545

Priscilla Maloney filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Assistant Attorney General, filed the brief for respondent.

Before Linder, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.*

PER CURIAM

---

* Rosenblum, J., *vice* Richardson, S. J.

## PER CURIAM

Defendant appeals his convictions for first-degree robbery (two counts), conspiracy to commit first-degree robbery, first-degree burglary (two counts), conspiracy to commit first-degree burglary,[1] unlawful use of a dangerous weapon with a firearm (two counts), and first-degree aggravated theft. We reject without discussion all of defendant's arguments except the argument that the trial court erred in failing to merge his conspiracy convictions with his convictions for the completed burglary and robbery offenses. The state concedes that the trial court erred in failing to merge the convictions and that the error is "plain error," that is, an error of law apparent on the face of the record. The state urges us, however, not to exercise our discretion to address the error. We reverse and remand with instructions to merge the conviction for conspiracy to commit first-degree robbery with the convictions for first-degree robbery and to merge the conviction for conspiracy to commit first-degree burglary with the convictions for first-degree burglary.

The state argues that we should not address the plain error because merging the convictions will have no effect on defendant's term of imprisonment. On the other hand, according to the state, remanding for merger and resentencing would force it to expend scarce resources, would give defendant an opportunity to escape during transfer for resentencing, and would cause additional pain to the victims by requiring them to relive the circumstances of these crimes. Notwithstanding those considerations, this court and the Supreme Court consistently have chosen to address unpreserved claims regarding merger. As the Supreme Court recently explained in choosing to do so, "We choose to exercise our discretion * * * to order that the trial court correct the

---

[1] The indictment denominated this charge as conspiracy to commit first-degree *robbery*. But the substance of the count effectively alleged conspiracy to commit first-degree *burglary*. Consistently with the substantive allegations, the verdict specified the charge as one of conspiracy to commit first-degree burglary, and the jury returned a verdict of guilty on that charge. In the judgment, however, the conviction was denominated conspiracy to commit first-degree robbery, not burglary. That denomination appears to be a scrivener's error. Because of our disposition of defendant's merger argument, the error in the judgment will necessarily be cured on remand.

judgment to reflect accurately the charges and penalties for which defendant is liable." *State v. Tiner*, 340 Or 551, 566, 135 P3d 305 (2006). Moreover, as we explained in *State v. Walraven*, 187 Or App 728, 730, 69 P3d 835, *rev den*, 335 Or 656 (2003), following proper merger, "the defendant's criminal history will reflect fewer convictions. Thus, although the effects of merger are not always immediately apparent, they can be real and varied." Finally, as we made clear in *State v. Wilkins*, 175 Or App 569, 586, 29 P3d 1144, *rev den*, 333 Or 74 (2001), another plain error merger case, "it would be difficult to say that the state has any strong interest in maintaining the additional erroneous convictions." For those reasons, we exercise our discretion to address the plain error.

Reversed and remanded with instructions to merge conviction for conspiracy to commit first-degree robbery with convictions for first-degree robbery and to merge conviction for conspiracy to commit first-degree burglary with convictions for first-degree burglary and for resentencing; otherwise affirmed.