Argued and submitted April 12, reversed and remanded for entry of corrected
judgment reflecting merger of murder and aggravated murder convictions into
single conviction for aggravated murder; otherwise affirmed September 5, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TREVOR TROY WALRAVEN,
*Defendant-Appellant.*

Josephine County Circuit Court
99CR0013; A122849

167 P3d 1003

Andy Simrin argued the cause and filed the briefs for
appellant.

Kaye E. McDonald, Senior Assistant Attorney General, argued the cause for respondent. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

This case is before us for a second time, following a remand for resentencing. *See State v. Walraven*, 187 Or App 728, 69 P3d 835, *rev den*, 335 Or 656 (2003) (*Walraven I*). Defendant again appeals, arguing, *inter alia*, that the trial court erred in failing to merge his conviction on one count of felony murder, ORS 163.115(1)(b), into his conviction for aggravated murder, ORS 163.095. We conclude that the trial court so erred but reject defendant's other assignment of error. Accordingly, we reverse and remand for entry of a corrected judgment but otherwise affirm.

The circumstances material to our review are undisputed. Defendant was convicted of two counts of aggravated murder, ORS 163.095, and two counts of murder, ORS 163.115, all arising from the murder of William Hull in 1998. One of the aggravated murder counts alleged that the murder was committed intentionally in an effort to conceal the commission of the crime of robbery, ORS 163.095(2)(e); the other alleged that the murder was committed intentionally in an effort to conceal the identity of the perpetrator of robbery, *id*. One of the murder counts alleged that the murder was committed in the course of and in furtherance of the crime of robbery (felony murder), ORS 163.115(1)(b); the other murder count alleged that the murder was committed intentionally (intentional murder), ORS 163.115(1)(a). In addition, defendant was charged with—and ultimately acquitted of— one count of aggravated murder that alleged that defendant personally and intentionally committed the murder in the course of and in furtherance of the crime of robbery (aggravated felony murder), ORS 163.095(2)(d).

In his initial appeal, defendant argued, in part, that the trial court erred in failing to merge the two aggravated murder convictions. We agreed that, in light of *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), those convictions should merge and, thus, remanded the case. *Walraven I*, 187 Or App at 731-32.[1]

---

[1] In *Walraven I*, as here, defendant argued on appeal that the "trial court should have merged his conviction for felony murder into one of his two convictions

On remand, the trial court merged the intentional murder count with the first of the aggravated murder counts, then merged the two aggravated murder counts with each other. However, the court rejected defendant's argument that the felony murder count also should merge into the aggravated murder counts.

As noted, defendant assigns error to the court's failure to merge the felony murder count into the aggravated murder counts. In a supplemental brief, defendant also advances an unpreserved argument that he was ineligible for a life sentence on the ground that he had been waived into adult court based on a finding made by a judge rather than a jury, in violation of Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. We reject without discussion defendant's unpreserved constitutional arguments and write only to address defendant's argument that his felony murder conviction should have merged into his aggravated murder conviction.

■       The question presented here is whether a conviction for murder under ORS 163.115 must be merged into a conviction for aggravated murder under ORS 163.095. The statute governing merger of convictions, sometimes referred to as the "anti-merger" statute, is ORS 161.067. ORS 161.067(1) provides:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."[2]

The Oregon Supreme Court explained the proper application of that provision in *Barrett*.[3] *Barrett* addressed

---

for aggravated murder." 187 Or App at 731. We did not address the merits of that argument because we determined that it "is not only not preserved but is also expressly waived." *Id.* at 732. However, because we were remanding as a consequence of other sentencing errors, we specified, "On remand, defendant is free to present his statutory argument to the trial court, which has discretion to consider it * * *." *Id.*

[2] ORS 161.067(2) concerns situations in which there is more than one victim, and ORS 161.067(3) concerns situations in which there are repeated incidents of violation of a single statute against a single victim. Neither of those subsections is at issue in the present case.

[3] *Barrett* actually concerned *former* ORS 161.062(1), *repealed by* Or Laws 1999, ch 136, § 1, but as the court explained in *Barrett*, the pertinent part of ORS

the question whether conviction on multiple counts of aggravated murder based on different theories, but concerning the death of the same victim, resulted in "separately punishable offenses" under ORS 161.067(1). The court explained that the statute requires several separate inquiries. After determining whether the "same conduct or criminal episode" was involved (which was not at issue in *Barrett* and is not at issue here), "two separate inquiries are required[.]" 331 Or at 32. *First*, the court must determine whether that conduct "violate[d] two or more statutory provisions." *Id.* *Second*, if so, the court must "consider whether each statutory provision requires proof of an element that the others do not." *Id.* In sum, if *either* of those conjunctive requirements is not satisfied, the convictions must merge.

In *Barrett*, the defendant contended that his convictions on multiple counts of aggravated murder must merge because the first conjunctive requirement was not satisfied. Specifically, the defendant contended that the subsections of ORS 163.095 setting forth the various ways in which aggravated murder may be committed did not constitute "separate statutory provisions" for purposes of ORS 161.067. The Supreme Court agreed.

In so holding, the court began by reviewing its prior case law, in particular *State v. Crotsley*, 308 Or 272, 779 P2d 600 (1989), and concluded that the determination of whether provisions constituted separate "statutory provisions" for purposes of ORS 161.067 depended on whether the provisions addressed " *'separate and distinct legislative concerns.'* " *Barrett*, 331 Or at 33 (quoting *Crotsley*, 308 Or at 278) (emphasis in *Barrett*).[4] The court also noted that, although "statutory provision" for purposes of ORS 161.067(1) does not necessarily mean "a section, subsection, or paragraph," "the use of a single section nonetheless is

---

161.067(1) is worded identically. 331 Or at 29 n 1. For the sake of simplicity, we refer to ORS 161.067 throughout this opinion, although some of the case law discussed actually referred to the identical provision of *former* ORS 161.062(1). *See generally State v. White*, 341 Or 624, 630, 147 P3d 313 (2006) (similarly equating ORS 161.067 with *former* ORS 161.062).

[4] In *Crotsley*, the court had concluded that several first-degree sexual offenses reflected a legislative concern about the use of "forcible compulsion," while the third-degree sexual offenses involving the same conduct evinced legislative concern about the "victim's age." *Barrett*, 331 Or at 33 (citing *Crotsley*, 308 Or at 280).

some indication that the legislature intended to define a single crime." *Barrett*, 331 Or at 35 (citing *State v. Kizer*, 308 Or 238, 779 P2d 604 (1989)).

Applying that analysis to ORS 163.095, the court noted that the first sentence of the statute—which defines aggravated murder as murder "committed under, or accompanied by, any" of 18 different aggravating circumstances "suggests that any or all the enumerated circumstances simply serve to prove the single essential element of 'aggravation.'" *Barrett*, 331 Or at 35. The court further determined, as a contextual matter, that the statutes prescribing the penalties for murder and aggravated murder corroborated that understanding:

> "For a so-called 'simple murder,' that is, a murder unaccompanied by any aggravating circumstance, the statutory penalty is a life sentence with a mandatory minimum period of confinement of 25 years. ORS 163.115(5)(a), (b). If the murder is 'aggravated,' the penalties are enhanced: the defendant faces death, life imprisonment without the possibility of release or parole, or life imprisonment with a mandatory minimum sentence of 30 years. ORS 163.105(1)(a), (c). That context suggests a single legislative intent to punish more severely certain murders that the legislature deems to be particularly heinous."

*Id.* at 35-36. Consequently, the court concluded:

> "The wording of the statute that we just have reviewed shows that the harm that the legislature intended to address by ORS 163.095 was the intentional, aggravated killing of another human being. The aggravating factors constitute no more than different theories under which murder becomes subject to the enhanced penalties for aggravated murder. That defendant's conduct in intentionally murdering the victim in this case was 'aggravated' by 'any,' *i.e.*, one or more, act surrounding that conduct does not convert that conduct into more than one separately punishable offense."

*Id.* at 36.[5]

---

[5] Given its conclusion that the defendant had not violated "two or more statutory provisions," ORS 161.067(1), the court had no occasion to engage in the second, cumulative inquiry, *viz.*, whether "each provision requires proof of an element that the others do not." ORS 161.067(1).

Following *Barrett*, in *State v. Beason*, 170 Or App 414, 12 P3d 560 (2000), *rev den*, 331 Or 692 (2001), we concluded, in a similar fashion, that when a person is convicted of multiple counts of murder pursuant to ORS 163.115, based on different theories concerning the killing of the same victim, those convictions should merge pursuant to ORS 161.067(1). We reasoned that merger was required because the legislature envisioned intentional murder, felony murder, and murder by abuse not to be separate crimes, but to be alternative theories for the crime of murder. *Id.* at 431-32.

■ In sum, *Barrett* and *Beason* establish, respectively, that a conviction for aggravated murder merges with other convictions of aggravated murder when the other convictions concern the same conduct against the same victim but a different theory, and that a conviction for murder similarly merges with other convictions for murder under such circumstances. Those cases do not, however, address the question whether, under such circumstances, convictions for murder merge into convictions for aggravated murder.

That question is not so straightforward. That is, this case does not involve a classic *Barrett*-type issue concerning multiple ways to commit a crime described in a single statute. Rather, the question here is whether a murder conviction, regardless of the theory underlying that conviction, is necessarily subsumed within a conviction for aggravated murder, regardless of the theory underlying the later conviction.

Defendant posits that it is. In *Barrett*, the court stated: "That defendant's conduct in intentionally murdering the victim in this case was 'aggravated' by 'any,' *i.e.,* one or more, acts surrounding that conduct does not convert that conduct into more than one separately punishable offense."[6] 331 Or at 36. Defendant contends that the court made clear in *Barrett* that the legislature's intention was to "punish

---

[6] In numerous cases, the courts have stated that intentional murder is a "lesser-included offense" of aggravated murder. *See, e.g., State v. Wille*, 317 Or 487, 492, 858 P2d 128 (1993) ("intentional murder is a lesser-included offense of aggravated murder"); *State v. Bowen*, 340 Or 487, 529, 135 P3d 272 (2006), *cert den*, _____ US _____ , 127 S Ct 1258 (2007) (failure to merge intentional murder conviction into aggravated murder conviction was plain error).

more severely certain murders that the legislature deems to be particularly heinous," 331 Or at 35-36—but that intent did not reflect separate and distinct legislative concerns about the manners in which murders are committed. Defendant asserts that that rationale applies equally to the merger of murder into aggravated murder, rather than being limited to the merger of multiple convictions for aggravated murder.

Central to defendant's position is the definition of aggravated murder: "murder *as defined in ORS 163.115* which is committed under, or accompanied by, any of the following circumstances[,]" after which follows an extensive list of potential factors that may transform a murder into an aggravated murder. ORS 163.095 (emphasis added). Thus, by definition, aggravated murder may be premised on any murder as defined in ORS 163.115 that involves an additional factor that the legislature has deemed merits more severe punishment.

The state responds that ORS 163.095 and ORS 163.115 reflect separate and distinct legislative concerns—which, indeed, are embodied in separate statutes—and, hence, necessarily are "two * * * statutory provisions" for purposes of merger under ORS 161.067(1). The state observes, correctly, that the fact that the legislature has placed ORS 163.095 and ORS 163.115 into separate statutes may suggest that they constitute more than one "statutory provision" for purposes of ORS 161.067(1). *See Barrett*, 331 Or at 35 (although not dispositive, "we think that the use of a single section nonetheless is some indication that the legislature intended to define a single crime").

In sum, the parties focus on *Barrett*'s first cumulative inquiry, *i.e.*, whether "two or more statutory provisions" have been violated. However, we need not, and do not, resolve this dispute on that basis because the second cumulative condition of ORS 161.067(1) is not satisfied here. As explained below, the convictions must merge under the second prong of the *Barrett* test, because neither of the statutes at issue "require[ ] proof of an element that the [other does] not." ORS 161.067(1).

The state asserts that, in this case, each of the statutory provisions at issue requires proof of an element that the others do not:

> "[E]ach provision required proof of an element that the others did not: A conviction for aggravated murder under ORS 163.095(2)(e) requires proof that the murder was committed in an effort to conceal the commission, or identity of the perpetrator, of a crime, which ORS 163.115(1)(b) does not; and a conviction for felony murder under ORS 163.115(1)(b) requires proof that the victim's death was caused in the course of and in further[ance] of, or during the immediate flight therefrom, certain enumerated crimes committed or attempted to be committed by one or more persons, while ORS 163.095(2)(e) does not."

That contention depends on a flawed premise. It assumes that merger depends on fact-matching of the various theories pleaded in each charge. However, for the reasons that follow, that assumption is misguided.

ORS 163.095's definition of aggravated murder begins with the phrase:

> "As used in ORS 163.105 and this section, 'aggravated murder' means murder *as defined in ORS 163.115*, which is committed under, or accompanied by, any of the following circumstances[.]"

(Emphasis added.) There follows a list of the various theories that may support an enhancement from murder as defined in ORS 163.115 to aggravated murder. What ORS 163.095 does *not* do is distinguish among the various theories for committing murder as defined in ORS 163.115. Rather, it refers generically to "murder as defined in ORS 163.115," which subsumes *all* of the theories of murder set forth in ORS 163.115.

■ The state's position as to the "different elements" inquiry ostensibly assumes that whether or not counts of murder merge into counts of aggravated murder depends on what theories of murder and aggravated murder were pleaded in each count of the indictment. That is incorrect. As we explained in *State v. Sumerlin*, 139 Or App 579, 584, 913 P2d 340 (1996), "[i]n determining whether convictions merge under ORS 161.062(1) and ORS 161.067(1), *we examine only*

*the statutory elements of each offense, not the underlying factual circumstances recited in the indictment.*" (Citations omitted; emphasis added.) In *Sumerlin*, we expressly repudiated, as inconsistent with ORS 161.067(1), older case law that predated that statute "that focuse[d] not on statutory elements, but rather on the factual circumstances of the underlying criminal act." *Id. See also State v. Sargent*, 110 Or App 194, 196, 822 P2d 726 (1991) (under ORS 161.067(1), "[t]he specific facts of the case are irrelevant in merger analysis; it is purely a question of statutory comparison").

With the inquiry properly so framed—*i.e.*, that we look solely at the provisions of ORS 163.095 and ORS 163.115, rather than at the particular factual circumstances pleaded in this case—the resolution is straightforward. ORS 163.115 does not require proof of any element that ORS 163.095 does not. That is so because, under ORS 163.095, *any* type of murder defined in ORS 163.115 may serve as the basis for an aggravated murder conviction. Bluntly: "murder"—in *any* form—is an element of aggravated murder.

Thus, the proper merger analysis is this: (1) Defendant's *murder* convictions, including his conviction for "felony murder," must merge with each other, because, under the first prong of the *Barrett* test, they do not violate "two or more statutory provisions." ORS 161.067(1); *Beason*, 170 Or App at 432. (2) Defendant's *aggravated murder* convictions must merge with each other under the first prong of the *Barrett* test for the same reason. *Barrett*, 331 Or at 35-36. And (3) defendant's single resulting murder conviction must then merge into his single resulting aggravated murder conviction under the *second* prong of the *Barrett* test, because a conviction for murder under ORS 163.115 does not require proof of any element that a conviction for aggravated murder under ORS 163.095 does not. Thus, the trial court erred in failing to merge defendant's conviction on one count of felony murder into his aggravated murder conviction.

We note, finally, that our reasoning and disposition not only comport with well-settled principles governing merger but also avoid a remarkably anomalous result. If the state were correct that a court is required to fact-match theories of the crimes in order to determine merger, then (1) if

the jury had convicted defendant of all five charges, including the charge of aggravated felony murder, all of those convictions should have merged into a single conviction for aggravated murder, but (2) because the jury *acquitted* defendant of the aggravated felony murder charge, defendant's conviction on the "simple" felony murder count does not merge into the others. That is, under the state's formulation, defendant would be in a worse position because the jury acquitted him on one charge rather than convicting him on all charges.[7] We cannot conceive of any reason why the legislature would have intended such an incongruous result, and the state suggests none.

Reversed and remanded for entry of corrected judgment reflecting merger of murder and aggravated murder convictions into single conviction for aggravated murder; otherwise affirmed.

_____

[7] Under the state's formulation (1) intentional murder would have merged into any of the aggravated murders, because each theory required proof of intent; (2) felony murder would have merged into aggravated felony murder, because, as charged here, the former was predicated on the latter; and (3) all of the aggravated murders would have merged together (*Barrett*).