Submitted June 26, convictions on Counts 1 and 2 reversed and remanded with instructions to enter a single conviction for second-degree assault and for resentencing; otherwise affirmed July 31, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SONYA RAE FOSTER,
*Defendant-Appellant.*

Lincoln County Circuit Court
104488; A148553

307 P3d 568

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals judgments of conviction for two counts of assault in the second degree, ORS 163.175, arising out of a single act of throwing a beer glass into the face of the victim. He argues that the trial court plainly erred in failing to merge the guilty verdicts on those counts into a single conviction for second-degree assault. Defendant's two convictions were based on ORS 163.175(1)(a), which provides that a person commits second-degree assault if the person "[i]ntentionally or knowingly causes serious physical injury to another[,]" and ORS 163.175(1)(b), which provides that the crime is committed if the person "[i]ntentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon[.]" He argues that the counts should have merged because, similarly to ORS 164.405, which defines a single crime of second-degree robbery, *see State v. White*, 346 Or 275, 211 P3d 248 (2009) (so concluding), the text, context, and legislative history of ORS 163.175 reflects that the legislature intended to create a single crime of second-degree assault, and, therefore, ORS 163.175(1)(a) and (b) are not separate statutory provisions for purposes of the merger statute. *See* ORS 161.067(1) ("When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.").[1]

The state concedes that ORS 163.175(1)(a) and (b) are the same statutory provision for purposes of ORS 161.067(1) and, therefore, merger was required. Consistently with the Supreme Court's analysis in *White*, we agree with and accept the state's concession. We also agree with defendant and the state that the error was "apparent on the record," ORAP 5.45(1), and, for the reasons expressed in *State v. Ryder*, 230 Or App 432, 435, 216 P3d 895 (2009), we exercise our discretion to correct it. *See also State v. Hathaway*, 207 Or App 716, 717, 143 P3d 545, *rev den*, 342 Or 254 (2006) (noting that both the Supreme Court and this court have consistently exercised discretion to address plainly erroneous failures to merge convictions). Accordingly, we

---

[1] The other provisions of ORS 161.067 are also inapplicable in this case.

reverse and remand for entry of a single judgment of conviction for second-degree assault and for resentencing.

Convictions on Counts 1 and 2 reversed and remanded with instructions to enter a single conviction for second-degree assault and for resentencing; otherwise affirmed.