Argued and submitted March 28; reversed and remanded for merger of guilty verdicts on Counts 1 and 2, remanded for resentencing, otherwise affirmed April 27; petition for review denied September 1, 2022 (370 Or 212)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN DOUGLAS RENARD,
*Defendant-Appellant.*

Lane County Circuit Court
19CR52930; A174174

509 P3d 760

Defendant appeals from convictions for assault in the fourth degree constituting domestic violence, ORS 163.160 (Count 1), and harassment constituting domestic violence, ORS 166.065 (Count 2), based on conduct against the same victim during the same criminal episode. He assigns error to the trial court's admission of an officer's testimony that bruises on the victim's arm were consistent with fingermark bruising. He also contends that the trial court erred in failing to merge the two guilty verdicts, which the state concedes. *Held*: The Court of Appeals held that the officer's testimony that bruises on the victim's arm were consistent with fingermark bruising was properly admitted as expert opinion. The court accepted the state's concession that the guilty verdict on defendant's harassment constituting domestic violence conviction must merge with the guilty verdict on defendant's conviction for assault in the fourth degree constituting domestic violence.

Reversed and remanded for merger of guilty verdicts on Counts 1 and 2; remanded for resentencing; otherwise affirmed.

R. Curtis Conover, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Reversed and remanded for merger of guilty verdicts on Counts 1 and 2; remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant appeals from convictions for assault in the fourth degree constituting domestic violence, ORS 163.160 (Count 1), and harassment constituting domestic violence, ORS 166.065 (Count 2), based on conduct against the same victim during the same criminal episode. He assigns error to the trial court's admission of an officer's testimony that bruises on the victim's arm were consistent with fingermark bruising. He also contends that the trial court erred in failing to merge the two guilty verdicts, which the state concedes. We conclude that the trial court did not err in admitting the officer's testimony, but we agree with defendant and the state that his guilty verdicts should merge. We therefore reverse remand for merger and resentencing.

The charges arose out of an incident in which defendant punched the victim in the stomach, grabbed her arms, threw her into the wall, and shoved her to the ground. Two days after the incident, an investigator took photographs of the victim's injuries. At trial, the victim testified that three photographs depicted bruises that were fingerprints left from when defendant grabbed her arms. The state then called the investigating officer, who described his training in identifying injuries, including fingermark bruising. The state presented the photographs of the victim's arms to the investigating police officer. Over defendant's objection that the evidence was "outside the scope of this witness's * * *ability to testify," the trial court allowed the officer's testimony, offered by the state "as lay opinion, and based on his training and experience," that the images in the photographs appeared to be consistent with fingermark bruising.

On appeal, defendant contends that the trial court erred in admitting the testimony as "lay opinion," rather than expert opinion, without the required foundation for expert testimony.

We reject defendant's contention. In the first place, the contention was not preserved. Defendant never argued below that there was an inadequate foundation for either lay or expert opinion testimony. But even assuming that the argument was preserved, it is incorrect. The state offered the officer's testimony as "lay opinion, and based on his

training and experience." The record does not show whether the trial court admitted the testimony as lay or expert opinion, only that the court overruled defendant's objection that the evidence was outside of the officer's ability to testify. It is clear from the record that the state intended to lay a foundation for expert testimony by having the witness describe his training and experience. And, based on the foundation that the state made, the evidence was admissible as expert testimony.[1] *See* OEC 702 ("a witness qualified as an expert by knowledge, skill, experience, training or education may testify" about "scientific, technical or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue."). We need not decide, therefore, whether it was also admissible as lay opinion. *See State v. Rambo*, 250 Or App 186, 192, 279 P3d 361 (2012), *rev den*, 353 Or 203 (2013) (because the court properly admitted the challenged testimony as nonscientific expert opinion, the court did not need to consider whether it also qualified for admission as lay opinion evidence). There was no error in admitting the testimony.

The state concedes that defendant's harassment conviction should merge with the fourth-degree assault, and we agree. Harassment is not generally a lesser-included offense of fourth-degree assault, because misdemeanor fourth-degree assault requires proof of physical injury, and harassment, does not. ORS 163.160(1)(a) (assault in the fourth degree);[2] ORS 166.065(1)(a) (harassment). Thus, the two offenses would not ordinarily be subject to merger. ORS 161.067(1) ("When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."). As the state concedes,

---

[1] Defendant does not make any separate argument as to how the foundation was inadequate for expert opinion. We note also that defendant does not contend that the testimony required a foundation for scientific expert opinion.

[2] ORS 163.160 provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]"

however, when the element "constituting domestic violence," ORS 132.586, is established with respect to harassment, the harassment offense can subsume all of the elements of the misdemeanor assault offense. ORS 135.230(3) defines "domestic violence" as "abuse between family or household members." Here, the jury was instructed on all three forms of abuse as defined in ORS 135.230(1),[3] including that defendant "[a]ttempted to cause or intentionally, knowingly or recklessly caused physical injury." ORS 135.230(1)(a). When an element of one offense is the commission or attempted commission of another offense, and the latter offense, as separately charged, does not have any additional elements and factually is the same offense as the former offense, the former offense subsumes the latter offense. *See Martinez v. Cain*, 366 Or 136, 150, 458 P3d 670 (2020) (ORS 161.067(1), "properly interpreted and applied," "required merger of petitioner's guilty verdicts on first-degree robbery and attempted aggravated felony murder."); *State v. Postlethwait*, 312 Or App 467, 493 P3d 35 (2021) (robbery subsumes ordinary predicate theft). The domestic violence allegation of abuse by "[a]ttempt[ing] to cause or intentionally, knowingly or recklessly caus[ing] physical injury" described an assault in the fourth degree. Thus, as alleged, the charge of harassment constituting domestic violence subsumed the charge of assault in the fourth degree.

The state and defendant agree that, although the elements of the harassment charge subsumed the elements of the assault charge, the proper disposition is to merge the harassment guilty verdict into the assault, because the assault was the more serious offense and carried the greater punishment. *See State v. Haddon*, 286 Or App 191, 199, 199 n 7, 399 P3d 458 (2017) (regardless of which offense

---

[3] ORS 135.230(1) defines three alternative forms of "abuse":

"'Abuse' means:

"(a) Attempting to cause or intentionally, knowingly or recklessly causing physical injury;

"(b) Intentionally, knowingly or recklessly placing another in fear of imminent serious physical injury; or

"(c) Committing sexual abuse in any degree as defined in ORS 163.415, 163.425 and 163.427."

has "fewer unique elements," the guilty verdict for the less-serious offense merges into the more-serious offense).

Reversed and remanded for merger of guilty verdicts on Counts 1 and 2; remanded for resentencing; otherwise affirmed.