No. 1     January 4, 2024     1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GABRIEL ESEQUIEL MILES,
*Defendant-Appellant.*

Douglas County Circuit Court
20CR20105; A178460

Kathleen E. Johnson, Judge.

Submitted August 30, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Reversed and remanded for merger of guilty verdicts for strangulation constituting domestic violence (Count 1) and fourth-degree assault constituting domestic violence (Count 2) and entry of a single conviction for strangulation constituting domestic violence; remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for strangulation constituting domestic violence,[1] ORS 163.187(4) (Count 1); fourth-degree assault constituting domestic violence, ORS 163.160(2) (Count 2); assaulting a public safety officer, ORS 163.208 (Count 3); and resisting arrest, ORS 162.315 (Count 4). In his first two assignments of error, defendant argues that the trial court plainly erred by failing to instruct the jury that a culpable mental state attached to the injury elements of the crimes of assaulting a public safety officer (Count 3) and resisting arrest (Count 4). In his third assignment of error, defendant argues that the trial court plainly erred by failing to merge the guilty verdicts for strangulation constituting domestic violence (Count 1) and fourth-degree assault constituting domestic violence (Count 2). For the reasons explained below, we reverse and remand with instructions to merge defendant's guilty verdicts on Counts 1 and 2; otherwise, we affirm.

*Defendant's First and Second Assignments of Error.* Defendant did not preserve these assignments of error, and he requests that we review them for plain error pursuant to ORAP 5.45(1). If the trial court committed plain error, we must determine whether to exercise our discretion to correct it. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (listing factors to consider in deciding to exercise discretion).

In his first assignment, defendant argues that the trial court plainly erred by not instructing the jury that a culpable mental state attached to the result element, "physical injury," of assaulting a public safety officer. Assuming that the correct mental state for the "physical injury" element of assaulting a public safety officer is, at a minimum,

---

[1] The indictment entitled this charge as "strangulation," but the body of the indictment, under Count 1, alleged that "defendant's conduct constituted domestic violence." Consistent with the substantive allegations and the state's theory of the case at trial, the jury instructions also included the elements of domestic violence, and the jury returned a verdict of guilty on "strangulation constituting domestic violence." In the judgment, however, the conviction was denominated "strangulation." The denomination in the judgment appears to be a clerical error. *See State v. Selmer*, 231 Or App 31, 33-35, 217 P3d 1092 (2009), *rev den*, 347 Or 608 (2010) (vacating and remanding for entry of a corrected judgment where the judgment misstated the crime of conviction).

criminal negligence,[2] we accept the state's concession that the court plainly erred in failing to instruct the jury on the requisite mental state. *See State v. Sell*, 328 Or App 82, 94, 536 P3d 1019 (2023) (concluding that this type of error is "one of law, it is not reasonably in dispute after the Supreme Court's decision in [*State v. Owen*, 369 Or 288, 322, 505 P3d 953 (2022)], and it appears on the face of the record"). Nevertheless, we are not convinced that the circumstances of this case are such that the "ends of justice" require us to overlook the strong policies requiring preservation. *Ailes*, 312 Or at 382 n 6. Here, the jury found that defendant acted "knowingly" when he punched a safety officer in the face. Because punching a person in the face is an act that inherently poses a risk of injury, we are not persuaded that the likelihood that the jury would not have found that defendant was at least criminally negligent with respect to that risk is enough that enforcing the strong policies requiring preservation would be unjust in these circumstances. *See State v. Roy*, 275 Or App 107, 114, 364 P3d 1003 (2015), *rev den*, 359 Or 525 (2016) (concluding that the likelihood that the trial court's failure to instruct the jury affected the verdict did not outweigh the strong policies requiring preservation).

In his second assignment of error, defendant argues that the trial court plainly erred by not instructing the jury that a culpable mental state attached to the result element, "substantial risk of physical injury," of resisting arrest. Here, again assuming that the correct mental state for the "substantial risk of physical injury" element of resisting arrest is, at a minimum, criminal negligence, given the facts and instructions to the jury, we are not convinced that the circumstances of this case warrant our exercise of discretion to consider and correct that alleged error. Here, not only did the jury find that defendant knowingly punched the officer twice in the face, but there was also evidence that defendant pulled away from the officers when they tried placing him in handcuffs, kicked one officer in the abdomen while he was on the ground, and attempted to "bum-rush" the other

---

[2] Criminal negligence requires that defendant "fail[ed] to be aware of a substantial and unjustifiable risk" such that the "failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10).

officer when she threatened to tase defendant. Given that there was ample evidence that defendant engaged in violent behavior that posed a substantial risk of physical injury, we conclude that the "ends of justice" do not weigh in favor of reversal. *See Ailes*, 312 Or at 382 n 6.

*Defendant's Third Assignment of Error.* Defendant argues that, under ORS 161.067(1), the trial court plainly erred when it failed to merge the guilty verdicts for strangulation constituting domestic violence (Count 1) and fourth-degree assault constituting domestic violence (Count 2). The state responds that any error is not plain and urges us to reject defendant's argument for that reason. We conclude that, pursuant to ORS 161.067(1) and *State v. Renard*, 319 Or App 282, 509 P3d 760, *rev den*, 370 Or 212 (2022), the alleged error is plain.

To review for plain error, several requirements must be met: The error (1) must be an error "of law"; (2) that is "apparent," meaning the legal point is obvious and not reasonably in dispute; and (3) that appears "on the face of the record." *State v. Reynolds*, 250 Or App 516, 519-20, 280 P3d 1046, *rev den*, 352 Or 666 (2012). When the trial court makes a plain error, it is a matter of discretion whether we will correct it. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (citing *Ailes*, 312 Or at 382).

Challenges to the application of ORS 161.067(1) present a question of law. *State v. Serbin*, 324 Or App 792, 794, 527 P3d 794 (2023). When considering merger and interpreting ORS 161.067(1), a court must answer three questions: "(1) Did defendant engage in acts that are the same conduct or criminal episode, (2) did defendant's acts violate two or more statutory provisions, and (3) does each statutory provision require proof of an element that the others do not." *Id*. at 795 (internal quotation marks omitted). If the answer to the first two factors is affirmative, but the answer to the third is negative, merger is required. *Id*. (citing *State v. Marks*, 319 Or App 641, 644, 510 P3d 914 (2022)).

Because defendant's strangulation and assault charges were based on the same conduct against defendant's mother, the first two factors are clearly met. Therefore, the

controlling question is whether the offense of fourth-degree assault constituting domestic violence requires proof of an element that is not also required for the offense of strangulation constituting domestic violence. ORS 135.230(3) defines "domestic violence" as "abuse between family or household members." Here, the trial court instructed the jury on the definitions for the first two forms of "abuse" provided in ORS 135.230(1), including that defendant "[a]ttempted to cause or intentionally, knowingly or recklessly caused physical injury." When the element of "constituting domestic violence," ORS 132.586, is established with respect to an offense, and the jury is instructed on the definition of "abuse" based on domestic violence, the charged offense subsumes all of the elements of the separately charged misdemeanor assault offense. *See Renard*, 319 Or App at 286 (concluding that a charge that included the domestic violence allegation of abuse by "[a]ttemp[ting] to cause or intentionally, knowingly or recklessly caus[ing] physical injury" effectively described assault in the fourth degree, and thus, subsumed the charge of assault in the fourth degree and required merger).

Here, defendant was charged with strangulation constituting domestic violence, the jury was instructed as to the definition of "abuse," and defendant was found guilty of strangulation constituting domestic violence. Thus, as alleged, the charge of strangulation constituting domestic violence subsumed the charge of assault in the fourth degree constituting domestic violence, and the guilty verdicts on these two offenses must merge. Because this error is apparent on the face of the record, we conclude that the trial court plainly erred.

Having concluded that the trial court erred, we must decide whether we should exercise our discretion to correct the error. *Ailes*, 312 Or at 382 n 6.

The state argues that we should not address the plain error in this case, because it is inferable that defendant intentionally chose not to object. We are not persuaded by the state's argument. Given that the state's closing arguments, the jury instructions, and the guilty verdict all denominated Count 1 as strangulation constituting domestic violence, we see no indication that defendant had reason to contemplate

the lesser strangulation conviction. Furthermore, because strangulation itself is a felony offense, we disagree that defendant would have had a strategic reason for choosing multiple convictions over a single—albeit aggravated—felony conviction.

As we have explained in prior cases addressing unpreserved merger claims, "although the effects of merger are not always immediately apparent, they can be real and varied." *State v. Hathaway*, 207 Or App 716, 718, 143 P3d 545, *rev den*, 342 Or 254 (2006) (citing *State v. Walraven*, 187 Or App 728, 730, 69 P3d 835, *rev den*, 335 Or 656 (2003)). For the same reasons provided in those prior cases, we exercise our discretion to correct the plain error. *See, e.g., State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009) (finding that "the burden on the judicial system in amending its judgment and resentencing defendant is minimal" and "the ends of justice are served by convicting and sentencing defendant according to the law").

Reversed and remanded for merger of guilty verdicts for strangulation constituting domestic violence (Count 1) and fourth-degree assault constituting domestic violence (Count 2) and entry of a single conviction for strangulation constituting domestic violence; remanded for resentencing; otherwise affirmed.