No. 805          September 10, 2025          357

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN LEON CROWLEY,
*Defendant-Appellant.*

Lincoln County Circuit Court
23CR14937; A184185

Amanda R. Benjamin, Judge.

Submitted July 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction, entered after a jury trial, of second-degree assault constituting domestic violence by means of a dangerous weapon—to wit, a pillow, ORS 163.175(1)(b) (Count 1), menacing as domestic violence, ORS 163.190 (Count 4), and reckless endangering, ORS 163.195 (Count 5), raising two assignments of error.[1] In his first assignment, defendant challenges the trial court's determination that defendant was ineligible under ORS 137.712(2)(b)(B) for an exception to the 70-month mandatory minimum sentence that applies to his second-degree assault conviction. A defendant is eligible for an exception to the mandatory minimum if the court finds, among other things, that the victim did not suffer a significant physical injury. In his second assignment, defendant challenges the trial court's failure to merge the guilty verdict for menacing as domestic violence with the guilty verdict for strangulation as domestic violence. We conclude that the trial court did not err in its imposition of the 70-month sentence or in its failure to merge defendant's menacing guilty verdict with the strangulation guilty verdict, and we therefore affirm.

Defendant's convictions arose from an incident in which he pushed the victim onto a bed and held a pillow over her face for two minutes, pressing the pillow with greater force as the victim struggled to break away. The pillow restricted the victim's airflow, causing her to "los[e] oxygen," and to feel like she "was about to pass out." Further, Lincoln City Police Officer Humphreys testified that, based on his training and experience, strangulation deprives the brain of blood and oxygen, and a sustained strangulation can result in death.

We begin with defendant's first assignment. A person commits the offense of second-degree assault under ORS 163.175(1) if the person:

"(a)   Intentionally or knowingly causes serious physical injury to another;

---

[1] Counts 2 and 3 (strangulation as domestic violence and fourth-degree assault as domestic violence, respectively) both merged with Count 1.

"(b)   Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c)   Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

Defendant was charged with and convicted of second-degree assault under ORS 163.175(1)(b), for intentionally or knowingly causing physical injury to the victim by means of a deadly or dangerous weapon—*i.e.*, the pillow.

Second-degree assault is subject to a Measure 11 mandatory minimum sentence of 70 months. ORS 137.700 (2)(a)(H). Under ORS 137.712, a defendant who is convicted of assault in the second degree may be eligible for a downward departure from the mandatory minimum sentence of 70 months if, among other things, the defendant proves by a preponderance of the evidence that the victim did not suffer a "significant physical injury."[2] *See also State v. Drew*, 302 Or App 232, 241, 460 P3d 1032 (2020), *rev den*, 368 Or 560 (2021) (stating that the burden of proof is on the defendant). A "significant physical injury" is defined in ORS 137.712 (6)(c)(A) as an injury that, among other things, resulted in "a risk of death [to the victim] that is not a remote risk."[3] The trial court determined that defendant's conduct in pushing the pillow over the victim's face for two minutes to the extent that it made it difficult for her to breathe resulted in a risk

---

[2] ORS 137.712 requires a defendant who has committed second-degree assault to prove additional facts to be eligible for an exception to the otherwise mandatory minimum sentence under ORS 137.700(2)(a)(H). The victim cannot have been injured by a deadly weapon, ORS 137.712(2)(b)(A), the defendant cannot have been previously convicted of certain other listed felonies, ORS 137.712 (2)(b)(C), and the trial court must find "that a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justifies the lesser sentence," ORS 137.712(1)(a). As we further explain below, 343 Or App 357, 360 n 4, ___ P3d ___, here the trial court made an affirmative finding that establishes that defendant is ineligible for the sentencing exception.

[3] ORS 137.712(6)(c) provides:

"'Significant physical injury' means a physical injury that:

"(A) Creates a risk of death that is not a remote risk;

"(B) Causes a serious and temporary disfigurement;

"(C) Causes a protracted disfigurement; or

"(D) Causes a prolonged impairment of health or the function of any bodily organ."

of death to the victim that was not a remote risk. Thus, the court rejected defendant's request for a downward departure.

Defendant asserts in his first assignment that he was entitled to a downward departure from the mandatory minimum under ORS 137.712(2)(b)(B), because the evidence does not support the trial court's finding that defendant's conduct resulted in "significant physical injury" to the victim through a nonremote risk of death.

We reject defendant's contention. In *Drew*, 302 Or App at 241-44, we examined the legislative history of ORS 137.712. We concluded that the phrase "significant physical injury" in ORS 137.712 was intended to fill in the gap between what constitutes a "physical injury," as defined in ORS 161.015(7) ("the impairment of physical condition or substantial pain"), which is an element of second-degree assault under ORS 163.175(1)(b) (physical injury by means of a dangerous or deadly weapon), under which defendant was charged, and "serious physical injury," ORS 161.015(8) ("physical injury which creates a *substantial* risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ") (emphasis added), which is an element of assault in the first degree as well as assault in the second degree under ORS 163.175(1)(a). We stated in *Drew* that the term "significant physical injury" is meant to identify a subset of injuries that are on the more serious end of "physical injury" but that do not qualify as "serious physical injury." 302 Or App at 243.

Here, the primary question as framed by the parties on appeal is whether the evidence in the record supports the trial court's finding that the risk of death to the victim, as a result of defendant's conduct, was not remote.[4]

---

[4] As noted above, defendant bears the burden under ORS 137.712(2)(b)(B) to demonstrate by a preponderance of the evidence that the victim did *not* suffer a "significant physical injury." *Drew*, 302 Or App at 241. The trial court went beyond just concluding that defendant did not meet his burden of proof, however. The court affirmatively found that defendant's conduct in choking the victim created a nonremote risk of death such that there was a "significant physical injury." That finding, if supported by sufficient evidence, would preclude defendant from being eligible for the sentencing exception, and is thus dispositive of defendant's claim of error if it is supported. The parties dispute whether the evidence supports the court's finding.

ORS 137.712(6)(c)(A) defines a "significant physical injury" as an injury that, among other things, resulted in "a risk of death [to the victim] that is not a remote risk." A risk that is "remote" is one that is "distant" in respect to time or place, "not nearly or closely related," "slight," *Webster's Third New Int'l Dictionary* 1921 (unabridged ed 2002); far removed in time, "small in degree," *Merriam-Webster Unabridged Dictionary*, https://unabridged-merriam-webster.com.soll.idm. oclc.org/unabridged/remote (accessed Aug 4, 2025); or "slight," *Black's Law Dictionary* 1549 (11th ed 2019). The evidence in support of the trial court's finding was that defendant restricted the victim's breathing for two minutes, that her oxygen intake was impaired, and that impeding a person's breathing blocks the flow of blood and oxygen to the brain and can lead to death. We conclude that that evidence allowed the trial court to find that the victim suffered a physical injury that created a nonremote risk of death—that is, a risk of death that was less than a "substantial risk of death," but that was not remote. The trial court therefore did not err in determining that defendant's conduct caused the victim significant physical injury and did not fall within the ORS 137.712(2)(b)(B) exception to ORS 137.700(2)(a)(H).

Defendant alternatively argues that the trial court erred because it applied an incorrect legal standard that equated a significant physical injury with just a risk of death rather than a risk that was not remote. We also reject that argument. Defendant's argument is based on just one portion of the trial court's oral statements without context. Having reviewed the transcript in full, we conclude that the trial court did not apply an incorrect legal standard. The court stated on the record that the risk of the victim's death must not be remote. Accordingly, we reject defendant's first assignment of error.

We turn to defendant's second assignment of error. At sentencing, the trial court merged the guilty verdicts for fourth-degree assault and strangulation constituting domestic violence with the second-degree assault verdict and entered convictions for second-degree assault, menacing, and reckless endangering. Defendant argues that the trial court erred in failing to also merge the menacing verdict with the

strangulation verdict, before merging the strangulation verdict with second-degree assault. Defendant contends that merger was required, because all the elements of menacing constituting domestic violence are subsumed within strangulation constituting domestic violence. *See* ORS 161.067(1) ("When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."); *State v. Baker*, 265 Or App 500, 502, 336 P3d 547 (2014) ("[W]hat matters is whether all *elements* of one offense are subsumed within the elements of the other offense, and not whether other facts, like the 'underlying factual circumstances of the crime,' might overlap to that degree." (Emphasis in original.)).

The state responds that not all the elements of menacing are subsumed within strangulation, and we agree. Strangulation requires proof that the defendant *knowingly* impeded the normal breathing of the victim by blocking the victim's nose or mouth; menacing does not. *See* ORS 163.187(1)(b) (strangulation); ORS 163.190(1) (menacing). Menacing requires proof that the defendant *intentionally* attempted to place the victim in fear of imminent serious physical injury; strangulation does not. Although it is true that the additional domestic violence element required proof on both charges that defendant intentionally, knowingly, *or* recklessly caused the victim physical injury or placed the victim in fear of imminent serious physical injury, ORS 135.230(1), and the jury was instructed accordingly,[5] only

---

[5] To establish that defendant committed both strangulation and menacing "constituting domestic violence" under ORS 132.586, the state was required to prove that defendant abused the victim, either by (1) attempting to cause or intentionally, knowingly or recklessly causing the victim physical injury, or (2) intentionally, knowingly or recklessly placing the victim in fear of imminent serious physical injury. ORS 135.230(1) (defining "abuse"); ORS 135.230(3) (defining domestic violence as abuse between family or household members). The jury was instructed as to both forms of abuse as defined in ORS 135.230(1). In that circumstance, we have held that when, as here, an offense is charged as "constituting domestic violence," the offense subsumes all of the elements of misdemeanor assault. *State v. Miles*, 330 Or App 1, 6, 542 P3d 900, *rev den*, 372 Or 437 (2024). Thus, the trial court here correctly determined that the guilty verdict for fourth-degree assault, a misdemeanor assault, should merge with the guilty verdict for strangulation constituting domestic violence. But as explained here, the additional element of domestic violence did not cause the menacing charge to be subsumed within strangulation.

the menacing charge required proof that defendant *intentionally* placed the victim in fear of imminent serious physical injury. Thus, the mental states for the two offenses remained different. Because the element in the menacing offense of placing the victim in fear of imminent serious physical injury must be intentional, the menacing offense was not subsumed within the domestic violence element of the strangulation offense, which could be established by conduct that was intentional, knowing, or reckless. That is, menacing requires proof of an intentional *mens rea* and strangulation could, for instance, be proved through a lower standard of recklessness. *See State v. Hendricks*, 273 Or App 1, 14-15, 359 P3d 294 (2015), *rev den*, 358 Or 794 (2016) (for purposes of merger, "a crime that requires proof of a knowing mental state cannot be the 'lesser-included' of a crime with a reckless mental state" because the two mental states require different proof). Thus, the trial court correctly declined to merge the menacing verdict with the strangulation verdict.

Affirmed.

---

The jury was instructed:

"Domestic violence means abuse between family or household members.

"Abuse means attempting to cause or intentionally, knowingly, or recklessly causing physical injury; intentionally, knowingly, or recklessly placing another in fear of imminent serious physical injury; or committing sexual abuse in any degree."