420 October 22, 2025 No. 921

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAMON MICHAEL HODGE,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR17817, 23CR23306; A182537 (Control), A182539

Cody M. Weston, Judge.

Submitted September 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

In Case No. 23CR17817, remanded for merger of guilty verdicts for strangulation and fourth-degree assault into a single conviction for strangulation constituting domestic violence and for resentencing; otherwise affirmed. In Case No. 23CR23306, affirmed.

**EGAN, J.**

This consolidated appeal involves two criminal cases. In Clackamas County Case No. 23CR17817, a jury found defendant guilty of four charges based on conduct toward the complainant, his 83-year-old mother: strangulation constituting domestic violence, fourth-degree assault constituting domestic violence, menacing constituting domestic violence, and harassment. In Clackamas County Case No. 23CR23306, the jury found defendant guilty of tampering with a witness and attempted extortion. Defendant raises three assignments of error. We accept the state's concession that, in Clackamas County Case No. 23CR17817, the trial court erred in failing to merge guilty verdicts for strangulation constituting domestic violence and fourth-degree assault constituting domestic violence into a single conviction for strangulation constituting domestic violence, but we reject defendant's remaining assignments and otherwise affirm.

In his first assignment of error, defendant contends that the trial court plainly erred in failing to enter a judgment of acquittal on the witness tampering charge in Clackamas County Case No. 23CR23306. A person commits the offense of witness tampering if the person "knowingly *** attempts to induce *** a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony." ORS 162.285(1)(a). We have reviewed the record. It includes evidence from which a reasonable factfinder could find that defendant wrote a threatening letter to the person who reported defendant's conduct to 9-1-1 dispatch, intending to induce that person not to testify at trial or to testify falsely. That evidence is sufficient to support defendant's conviction of witness tampering; thus, we conclude that there was no plain error in failing to enter a judgment of acquittal on the witness tampering charge.

In his second assignment of error, defendant contends that, in Clackamas County Case No. 23CR17817, the trial court plainly erred in failing to merge guilty verdicts for strangulation constituting domestic violence and fourth-degree assault constituting domestic violence into a single

conviction for strangulation constituting domestic violence. The state concedes error, and we agree that the trial court erred in failing to merge defendant's guilty verdicts for strangulation and fourth degree assault into a single conviction for strangulation constituting domestic violence. Because there can be various detrimental effects from the failure to merge guilty verdicts, the burden on the judicial system is not substantial, and the ends of justice are served by entry of the legally correct number of convictions, we exercise our discretion to correct the plain error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991); *see also State v. Miles*, 330 Or App 1, 7, 542 P3d 900, 904, *rev den*, 372 Or 437 (2024) ("although the effects of merger are not always immediately apparent, they can be real and varied"); *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009) ("the burden on the judicial system in amending [the] judgment and resentencing defendant is minimal" and "the ends of justice are served by" correctly entering convictions and imposing sentences according to the law).

In his third assignment, defendant contends that the trial court plainly erred in failing to merge guilty verdicts for strangulation constituting domestic violence and menacing constituting domestic violence into a single conviction for strangulation constituting domestic violence. We reject the assignment. As we recently held in *State v. Crowley*, 343 Or App 357, 362-63, ___ P3d ___ (2025), the offense of menacing constituting domestic violence and strangulation constituting domestic violence are subject to different mental states—menacing requires proof of an intentional *mens rea* and strangulation may be proved through a lower standard of recklessness. For that reason, the guilty verdicts on the offenses do not merge. *Id.* at 363; *see also See State v. Hendricks*, 273 Or App 1, 14-15, 359 P3d 294 (2015), *rev den*, 358 Or 794, 370 P3d 502 (2016) (for purposes of merger, "a crime that requires proof of a knowing mental state cannot be the 'lesser-included' of a crime with a reckless mental state" because the two mental states require different proof).

In Case No. 23CR17817, remanded for merger of guilty verdicts for strangulation and fourth-degree assault into a single conviction for strangulation constituting

domestic violence and for resentencing; otherwise affirmed. In Case No. 23CR23306, affirmed.